### DOYLE *v.* WISCONSIN.

Sect. 1007 of the Revised Statutes, which, as amended by the act of Feb. 18, 1875 (18 Stat. part 3, p. 316), provides that, where a writ of error may operate as a *supersedeas*, execution shall not issue until the expiration of ten days after the rendition of the judgment, has reference only to the judgments of the courts of the United States.

ON motion to set aside proceedings in execution of a judgment of the Supreme Court of the State of Wisconsin.

On the fifteenth day of August, 1876, the Supreme Court of Wisconsin rendered a judgment ordering that " a peremptory writ of *mandamus* do forthwith issue out of and under the seal of the court, to be directed to the respondent [plaintiff in error], commanding him, and in his absence the assistant secretary of State, forthwith, within twenty-four hours after the service of the writ," to recall the license given by him to the Continental Insurance Company of the city of New York to do business in that State. The writ was issued and served on the same day, and on the next, Aug. 16, its command was obeyed. On the 10th October, 1876, this writ of error was sued out in due form, and bond given to operate as a *supersedeas*.

The plaintiff in error now moves that all the proceedings in execution of the judgment within ten days after its rendition

may be vacated and set aside, and that all further process be stayed.

Argued, for the plaintiff in error, by *Mr. William Allen Butler* and *Mr. I. C. Sloan*, who cited *Slaughter-House Cases*, 10 Wall. 273; *Telegraph Co.* v. *Eyser*, 19 id. 419; *Board of Commissioners* v. *Gorman*, id. 661; *Kitchen* v. *Randolph*, 93 U. S. 86.

*Mr. Charles W. Felker*, contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The claim on the part of the plaintiff in error is, that as a writ of error to operate as a *supersedeas* might issue from this court to re-examine the judgment of the court below, a writ to carry the judgment into effect could not issue from the State court until the expiration of ten days after the rendition of the judgment. Whether this is so or not depends upon the effect to be given to that clause in sect. 1007, Revised Statutes, which, as amended by the act of Feb. 18, 1875, 18 Stat., part 3, p. 316, reads as follows: " And in such cases, when a writ of error may be a *supersedeas*, executions shall not issue until the expiration of ten days; " that is to say, until the expiration of ten days after the rendition of the judgment.

The writ of error was issued in this case under sect. 709 of the Revised Statutes, which is a reproduction of sect. 25 of the Judiciary Act of 1789, 1 Stat. 85, as amended before the revision. The part of sect. 1007 referred to is the reproduction of a similar provision in sect. 23 of the same act. The Revised Statutes are a revision and consolidation of the old statutes, rather than an enactment of new. 16 Stat. 96; 14 id. 75, sect. 2. Sect. 5600 provides that " the arrangement and classification of the several sections of the revision have been made for the purpose of a more convenient and orderly arrangement of the same, and, therefore, no inference or presumption of a legislative construction is to be drawn by reason of the title under which any particular section is placed." This makes it proper that we should look to the original act to ascertain the legislative intent in cases of doubt.

Going, then, to the old law, we find that sect. 22 relates entirely to writs of error for the review of judgments and decrees in the courts of the United States. Then follows sect. 23, which provides "that a writ of error as aforesaid," clearly referring to the writ provided for in the preceding section, "shall be a *supersedeas*, and stay execution in cases only where the writ of error is served . . . within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of. Until the expiration of the term of ten days, execution shall not issue in any case where a writ of error may be a *supersedeas*." Read in this connection, it is clear that the provision for delay of execution refers only to judgments and decrees in the courts of the United States. Sect. 25 then provides for writs of error to a State court, and adopts the regulations of sect. 22, as to the writ and proceedings under it, but omits entirely any direction as to delay of execution upon the judgment.

From this we think it manifest that it was not the intention of Congress, under the act of 1789, to interfere at all with the practice of the State courts as to executions upon their judgments, until a *supersedeas* was actually perfected, and that the same effect must be given to the corresponding sections of the revision. In *Board of Commissioners* v. *Gorman*, 19 Wall. 664, we held that if an execution was issued upon a judgment in the courts of the United States after the expiration of ten days, a *supersedeas* afterwards obtained would prevent further proceedings under the execution, but would not interfere with what had already been done.

Applying this principle to the case in hand, it follows that, as the writ of *mandamus* was rightfully issued and served before the *supersedeas* was obtained, this motion must be denied.                                        *Motion denied.*