100 U.S. 78
 100 U.S. 78
 25 L.Ed. 550
 RAILWAY COMPANY
v.
TWOMBLY.
 October Term, 1879
 
 ERROR to the Supreme Court of the Territory of Colorado.
 This was an action of trespass on the case, brought Aug. 30, 1873, in the District Court of the first judicial district for the county of Arapahoe, in the then Territory of Colorado, by Louisa Twombly, widow and administratrix of George W. K. Twombly, deceased, against the Kansas Pacific Railway Company, to recover damages for his death, caused, as she alleged, by the negligence of the agents and servants of the company, who were charged with the control and management of a locomotive and train of cars upon its road. Plea, not guilty. The issue was tried by a jury, and a verdict returned for the plaintiff at the April Term, 1874. A motion for a new trial, for reasons filed therewith, was then made. It was, at the October Term, argued and overruled, and judgment rendered; which, on appeal to the Supreme Court of the Territory, was affirmed, March 28, 1876.
 The company excepted to the overruling of the motion for a new trial. Its bill of exceptions was tendered within the time limited therefor, and was signed and sealed by the court.
 Among other reasons filed for a new trial is that the court 'erred in refusing to give to the jury each and every instruction asked by the defendant, and also in giving each and every instruction not asked by the defendant;' but it does not appear that, at the time when instructions were given or refused, an exception was reserved and brought into the record by bill of exceptions.
 The Statute of Colorado (Rev. Stat. Col. 1868, 508) provides that in all cases 'where either party shall except to any ruling, decision, or opinion of the court, and shall reduce such exception or exceptions to writing, it shall be the duty of the judge to allow the same, and sign and seal the same, at any time during the terms of the court at which such exceptions were taken, or at any time thereafter to be fixed by the court.'
 The Supreme Court, on motion of the appellee, struck out from the bill of exceptions tendered on the refusal to grant a new trial all that part relating to the instructions.
 The action was founded upon an act of the Territory approved Feb. 8, 1873, providing that 'when the death of any person is caused by the wrongful act, misconduct, negligence, or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she lived, against the latter for the same act, misconduct, negligence, or omission: Provided, the action shall be commenced within two years from the date of the death of the injured person; that the damages shall inure to the exclusive benefit, first, of the husband or wife, if living, and if there be no husband or wife, to the child or children of the deceased; secondly, if there is neither a husband, wife, child or children living, then to the father and mother, or to the surviving parent, if any.'
 This act was repealed by a statute of the State of Colorado, March 7, 1877. This writ of error, and a duly approved and accepted bond to render it a supersedeas, were filed in the clerk's office of the Supreme Court of the Territory, May 4, 1876.
 Mr. John P. Usher and Mr. Samuel Shellabarger for the plaintiff in error.
 This action was brought, not upon a contract, or for the enforcement of a common-law right, but upon a statute, which allowed the recovery of damages in the nature of a penalty. It is submitted,——
 1. That when such an act is repealed, it must be regarded, so far as pending actions are concerned, as if it had never existed. Upon its repeal, the right of action, unless there be some special saving, expires. Norris v. Crocker, 13 How. 329; Yeaton v. United States, 5 Cranch, 281; Rex v. Justices of London, 3 Burr. 1456. There can be no doubt, therefore, that had this suit been pending in the subordinate courts at the date of the absolute repeal of the act of 1873, it would have then terminated.
 2. The fact that such repeal took place after the appellate jurisdiction of this court had been invoked and the bond filed does not exclude or vary the operation of that rule.
 In Yeaton v. United States (supra), a schooner was condemned in admiralty for the breach of an act of Congress then in force. The claimants appealed here. The act having by its own limitation expired, this court reversed the sentence of condemnation, although unquestionably proper when rendered, and directions were given to the court below to dismiss the libel.
 The ruling the made, although in an admiralty case, is applicable whenever this court exercises its jurisdiction in a suit pending here, when the statute authorizing it is repealed, the controlling question being, what is the law applicable to the rights of the parties to the record, when that jurisdiction is exercised. Lewis v. Foster (1 N. H. 61) was a case at law. Judgment was rendered in an action of debt upon a statute which entitled the plaintiff to the whole penalty. The defendant removed the case to the Supreme Court, where, by reason of the repeal of the statute in the intervening time, it was decided that every right gained by the judgment was subject to be lost on a review of the cause, and that there being no act then in force authorizing it, a judgment could not be rendered in his favor in the court of last resort.
 It thus appears that, whatever be the nature of the suit, the rule is the same in the appellate court, the only distinction being that in some cases the re-examination is confined to questions of law, while in others it extends to matters of fact. The bond which stays the proceedings below does not, in any instance, annul the judgment or the decree, nor vacate the lien thereby created. The judgment should be reversed, with instructions to the court below to dismiss the suit.
 Counsel discussed at length the instructions to the jury. Inasmuch as they were not excepted to and the questions arising thereon reserved, they were not passed upon by the court. The argument upon them is, therefore, omitted.
 Mr. J. Q. Charles, contra.
 MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
 
 
 1
 We think that the court below was right in holding that the bill of exceptions only presented for review the refusal of the District Court, on the motion for a new trial, to set aside the verdict because not sustained by the evidence. It is well settled that such a question cannot be re-examined here on a writ of error. Marine Insurance Co. v. Young, 5 Cranch, 187; Barr v. Gratz's Heirs, 4 Wheat. 213; Mullhall v. Keenan, 18 Wall. 342.
 
 
 2
 Neither can we, as is asked, send the case back to the court below, with instructions to enter a judgment of nonsuit, because since the judgment below, and while this writ of error has been pending, the statute authorizing the action has been repealed. A writ of error to this court does not vacate the judgment below. That continues in force until reversed, which is only done when errors are found in the record on which it rests, and which were committed previous to its rendition. Here there are no such errors. All we can do, therefore, is to affirm the judgment, and send our mandate to that effect to the court below.
 
 
 3
 Judgment affirmed.