## JAMES W. GOODRICH *vs.* JOHN T. WILSON.

Suffolk. Nov. 14, 1882. — April 6, 1883. W. ALLEN & HOLMES, JJ., absent.

Judgment was entered for the plaintiff in an action in the Superior Court. The defendant took out a writ of error from the Supreme Court of the United States; and, while the case was pending in that court, he was duly adjudicated a bankrupt, and obtained his discharge, the plaintiff not proving his claim in the bankruptcy proceedings. This discharge was pleaded in the Superior Court. Subsequently, the Supreme Court of the United States issued a mandate affirming the judgment of the Superior Court, giving judgment for costs accruing in error, and ordering execution therefor. *Held,* that the defendant was not entitled, on motion of the plaintiff in the Superior Court, that the judgment be affirmed in accordance with the mandate, to try the question of the effect of the discharge in bankruptcy.

TORT, by the assignee in bankruptcy of William F. Wilson, to recover $2700 alleged to have been paid by the bankrupt to the defendant in fraud of the bankrupt act. There were also counts in contract for the same cause of action. The record showed the following facts:

Judgment was entered against the defendant in the Superior Court on January 17, 1876. A writ of error from the Supreme Court of the United States was taken out by the defendant on February 12, 1876. A petition was filed on August 31, 1878, in the District Court of the United States for the District of Massachusetts, and upon said petition the defendant was duly adjudicated a bankrupt. The usual proceedings were had, and the defendant was duly discharged on June 21, 1879; and the discharge was regularly pleaded in this case on August 14, 1879. The plaintiff did not prove his claim in the bankruptcy proceedings. The Supreme Court of the United States issued its mandate to the Superior Court on December 23, 1879, affirming the judgment given against the defendant as above stated, and also giving judgment for $45.29 for costs accruing in error, and ordered that execution issue therefor.

In the Superior Court, before *Pitman*, J., the plaintiff moved that said judgment be affirmed, in accordance with the mandate of the Supreme Court of the United States. The defendant requested the judge to deny the plaintiff's motion, and to rule that the defendant's discharge in bankruptcy released him from all further liability to the plaintiff on said judgment, and was a bar to any further proceedings thereon. The judge refused to rule as requested by the defendant, and issued the following order: "April term 1881. Let the record of this court be made up in obedience to the mandate of the Supreme Court of the United States, and execution issue accordingly upon application of the plaintiff." The defendant alleged exceptions.

*E. Avery*, for the defendant.

*N. B. Bryant*, for the plaintiff.

FIELD, J. Final judgment was entered against the defendant in the Superior Court on January 17, 1876; and, after twenty-four hours from the entry of this judgment, the plaintiff was entitled to take out execution thereon. Gen. Sts. c. 133, § 15. *Doyle* v. *Wisconsin*, 94 U. S. 50.

It appears that a writ of error from the Supreme Court of the United States was taken out by the defendant on February 12, 1876, but it does not appear when it was served, or that security to answer all damages and costs was given, so that it operated as a *supersedeas* preventing any further proceedings under the execution, if any had been issued. U. S. Rev. Sts. §§ 1000, 1007. *Wurts* v. *Hoagland*, 105 U. S. 701. *Commissioners* v. *Gorman*, 19 Wall. 661. For aught that appears in the exceptions, the judgment of the Superior Court may have been fully satisfied before the defendant became a bankrupt.

But if the judgment remains unsatisfied, and the writ of error operated as a *supersedeas*, still the writ of error did not vacate the judgment. " That continues in force until reversed, which is only done when errors are found in the record on which it rests, and which were committed previous to its rendition." *Railway Co.* v. *Twombly*, 100 U. S. 78. As the judgment of the Superior Court was affirmed by the Supreme Court of the United States, it has never been vacated. The only judgment which, strictly speaking, can be called a new judgment, is that for forty-five dollars and twenty-nine cents, costs on the writ of error, which the Supreme Court of the United States ordered, and for which it ordered that the plaintiff have execution, and this is a judgment subsequent to the bankruptcy.

Except in obedience to the mandate of the Supreme Court of the United States, the Superior Court had no more power over its judgment, after the term at which it was rendered had expired, than over any other final judgment rendered at a past term of that court. It was the duty of the Superior Court to execute the mandate of the Supreme Court of the United States, and the judgment of the Supreme Court of the United States was conclusive between the parties upon the matters, and only upon the matters, involved in it. *In re Howard*, 9 Wall. 175. *Tyler* v. *Magwire*, 17 Wall. 253, 282. *Noonan* v. *Bradley*, 12 Wall. 121. *Williams* v. *Bruffy*, 102 U. S. 248.

In the cases in this Commonwealth in which defendants have been permitted to plead a discharge in insolvency after verdict, and after exceptions have been taken to this court, final judgment had not been rendered. *Lewis* v. *Shattuck*, 4 Gray, 572. *Gardner* v. *Way*, 8 Gray, 189. *Glazier* v. *Carpenter*, 16 Gray,

385. *Swan* v. *Esterbrooks*, 16 Gray, 520. This case has been once before this court, and is reported in 119 Mass. 429. Whether the discharge in bankruptcy would be a bar to an action on the judgment or on the security given to answer "all damages and costs," if any such were given on issuing the citation on the writ of error, or whether the defendant can try the effect of the discharge in bankruptcy upon the judgment by a writ of *audita querela*, we have not considered. The effect of the discharge in bankruptcy upon the judgment could not properly be tried upon motion. See *Foss* v. *Witham*, 9 Allen, 572.

*Exceptions overruled.*