JOE DUART *vs.* LAFOREST L. SIMMONS.

Bristol. June 22, 1920. — June 23, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Superior Court.  Judgment.  Writ of Error.*

Where, by a writ of error a judgment of the Superior Court is taken to the Supreme Court of the United States and the writ there is dismissed for want of jurisdiction, (the mandate of that court, issued more than a year and three months after the judgment in the Superior Court, directing that the cause be remanded to the Superior Court for such proceedings as "ought to be had therein, the said writ of error notwithstanding,") the Superior Court has no further power over the judgment, which remained in full force and effect, and has no power to grant a motion by the defendant that the judgment be "set aside," or a motion by the plaintiff that it be affirmed, or to order a judgment following the mandate.

TORT by a longshoreman, employed by one Davis, an independent contractor, for personal injuries sustained on April 20, 1915, while shovelling coal in unloading a schooner lying at the defendant's wharf and coal yards on the Taunton River in the town of Somerset, which was used by the defendant to bring coal from the State of New Jersey to his wharf.  Writ dated July 23, 1915.

The action previously was before this court upon exceptions saved by the defendant at a trial in the Superior Court, and by a decision reported in 231 Mass. 313, the exceptions were overruled. Thereafter, on December 18, 1918, judgment was entered for the plaintiff.  On December 20, 1918, upon application by the defendant, a writ of error to the Supreme Court of the United States was issued.  That court on March 1, 1920, dismissed the writ for want of jurisdiction and the defendant on March 31, 1920, moved in the Superior Court that the judgment for the plaintiff be "set aside."  The motion was denied and the defendant excepted.  The mandate of the Supreme Court of the United States, dated April 23, 1920, was filed in the Superior Court on April 26, 1920, and on April 30 the plaintiff moved for affirmation of the judgment in his favor.  The motion was allowed and the defendant excepted.

The case was submitted on briefs.

E. C. Stone, for the defendant.

D. R. Radovsky, for the plaintiff.

RUGG, C. J. This cause of action arises from the facts that the plaintiff, an employee of an independent contractor, was injured, while working in the hold of a barge in discharging coal, by reason of the fall of a tub caused by the parting of a rope owned by the defendant and by him furnished for the unloading of his cargo from the barge. The case was before us in 231 Mass. 313. One issue then presented was whether the defendant was exonerated from liability in an action at law because he was a subscriber under the workmen's compensation act. Since the injury arose upon a vessel, plying in interstate commerce between different ports of this country, while it was lying at wharf in navigable waters, we felt constrained by the controlling authority of Southern Pacific Co. v. Jensen, 244 U. S. 205, to hold that the workmen's compensation act did not apply to an injury so received. The judge in the Superior Court had thus ruled. The case then went to trial to a jury as an ordinary action of tort. The case came before us on the defendant's exceptions, which are set forth at length in the earlier decision. The exceptions were overruled and judgment was entered in favor of the plaintiff in the Superior Court on December 18, 1918. Thereafter the case was taken to the Supreme Court of the United States on writ of error. It was disposed of on March 1, 1920, in a per curiam opinion to the effect that it be "Dismissed for want of jurisdiction upon the authority of § 237 of the Judicial Code, as amended by the Act of September 6, 1916, c. 448, § 2, 39 Stat. 726." Simmons v. Duart, 251 U. S. 547. A mandate issued from the United States Supreme Court under date of April 23, 1920, to the effect that the cause was remanded to the Superior Court for such proceedings as "ought to be had therein, the said writ of error notwithstanding." The defendant filed a motion in the Superior Court on March 31, 1920, praying that the judgment be set aside chiefly on the ground that under the decision in Chelentis v. Luckenbach Steamship Co. Inc. 247 U. S. 372, the plaintiff could not prevail in an action at common law and that no other relief was open. Requests for rulings of law based upon the same decision were presented by the defendant. These requests were refused, the

motion of the defendant. was denied and upon a motion by the plaintiff, judgment for the plaintiff was affirmed, to all of which the defendant excepted.

The verdict for the plaintiff was rendered on April 12, 1918. The decision in *Chelentis* v. *Luckenbach Steamship Co. Inc.*, *supra*, was delivered six days later. It is manifest from these dates as well as from the record that the case could not have been and was not tried to the jury upon the view of maritime law announced in that decision.

The case could not go to the United States Supreme Court except after final judgment in the Superior Court. Judicial Code, § 237 as amended. The writ of error did not vacate that judgment. It continued in force until reversed. That judgment never was reversed and hence was never vacated. *Railway Co.* v. *Twombly*, 100 U. S. 78, 81. Therefore the defendant's motion and requests for rulings were denied rightly. It follows that there was no occasion for the motion by the plaintiff. The judgment previously entered could not be affirmed, because it had not been reversed nor modified and therefore stood continuously as originally entered. The Superior Court had no power over its final judgment at that time except to execute the mandate of the Supreme Court of the United States. Since that mandate contained no order for corrective action there was nothing to be done in the Superior Court. Its judgment previously entered remained in full force and effect. *Goodrich* v. *Wilson*, 135 Mass. 31. The defendant's motion does not come within the provisions of R. L. c. 193, §§ 14 to 20.

It is manifest that there was no want of jurisdiction over either party or the cause of action in the court apparent on the record. *Proctor* v. *Dillon*, 235 Mass. 538.

The mandate from the Supreme Court of the United States contains no order respecting costs. Hence the Superior Court could make no new order touching that subject. The order of the Superior Court for judgment, dated May 1, 1920, must be set aside and the plaintiff's motion should have been denied. St. 1913, c. 716, § 3. The defendant's exceptions must be overruled.

*So ordered.*