COMMONWEALTH *vs.* JOSEPH B. MARSINO, alias.

COMMONWEALTH *vs.* JOSEPH B. MARSINO, alias.

JOSEPH B. MARSINO *vs.* COMMONWEALTH.

JOSEPH B. MARSINO *vs.* COMMONWEALTH.

JOSEPH B. MARSINO *vs.* CLERK OF THE SUPERIOR COURT.

Worcester.   March 19, 20, 1925. — April 22, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

</div>

*Writ of Error.   Jurisdiction.   National Bank.   Practice, Criminal,* Plea, Jury issues.   *Judgment.*

A petition for a writ of error must be dismissed if it was filed before judgment in the proceedings in which the error is alleged to have occurred.

A petition for a writ of error in a criminal case must be dismissed if it was filed while exceptions taken at the trial of the case still were undetermined, since, while the exceptions were pending, no final judgment could be entered.

In a district court of the United States, the president of a national bank in this State was indicted under U. S. Rev. St. § 5209, for misapplica-

tion of bonds of the bank, and a second defendant was indicted for aiding and abetting the first defendant in the commission of the crime. Both pleaded guilty and were sentenced to imprisonment. Subsequently, in the Superior Court in this Commonwealth, the second defendant was indicted for larceny and the president was indicted for aiding and abetting him, and the two together were indicted for conspiracy to steal the bonds. The president pleaded guilty. The other defendant filed a plea to the jurisdiction on the ground that the Federal court "had exclusive cognizance of said offence" and that he had been indicted and convicted in the Federal court for the offences charged in the indictment in the State court. The trial judge, subject to exception by the second defendant, refused to have the issues of fact on his plea tried first by a separate jury, but submitted that issue to the jury who heard the indictment, specifically charging them in substance that if the president of the bank was an active party in the taking of the bonds, then the Federal court had exclusive jurisdiction and the second defendant must be acquitted; but that if the president's participation was only to the extent of unwittingly and carelessly opening up an opportunity to the second defendant to take the bonds, then the second defendant might be found guilty. The jury found the second defendant guilty. *Held,* that

(1) The basic facts of the plea being facts which were necessary to be determined against the defendant on the issue of guilt or innocence at the trial on the merits, it was not as a matter of law necessary that a jury first should be empanelled to determine the facts raised on the plea, and that, if those issues be found against the defendant, another jury then should be required to decide the identical issues of fact at the trial on the merits;

(2) The judge was not required to rule or to instruct the jury that the facts, alleged in the Federal court indictment and admitted by the plea of guilty there, were, at the trial of the indictment in the court of the Commonwealth, established indubitably by the judgment of the Federal court.

A conspiracy to steal does not become merged in the crime of larceny, when the conspiracy is successful, to such an extent that those committing the crime cannot be convicted upon indictments for both offences.

Two INDICTMENTS, found and returned on May 16, 1924, charging larceny and conspiracy to steal;

Two PETITIONS for writs of error, filed in the Supreme Judicial Court for the county of Worcester on June 17, 1924; and a

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Worcester on January 10, 1925.

To each indictment the defendant Marsino filed a plea on the ground that "the Federal Court, to wit, the District

Court of the United States for the District of Massachusetts, has exclusive cognizance of the said offence, and that he has, before the return of said indictment, been indicted and convicted in said District Court for the same criminal acts charged in this indictment, and this court has no cognizance of, or jurisdiction over, the same; and, further, that the offences and criminal acts specified in said indictment as having been committed by him are offences created by and punishable only under, and by virtue of, an act of Congress, to wit, Section 5209 of the Revised Statutes of the United States as amended."

The indictments were tried in the Superior Court before *Broadhurst*, J. Material proceedings and evidence at the trial are described in the opinion. The defendant Marsino was found guilty and alleged exceptions.

The petitions for writs of error were heard by *Carroll*, J., who reported them to the full court for determination.

The petition for a writ of mandamus was heard and dismissed by *Sanderson*, J., who reported it to the full court for determination. Before the full court it was waived by the petitioner.

*Asa P. French*, for Marsino.

*C. B. Rugg*, Assistant District Attorney, (*E. W. Baker*, District Attorney, with him,) for the Commonwealth.

PIERCE, J. The two cases above entitled Commonwealth *v.* Joseph B. Marsino are indictments returned by the grand jury for the county of Worcester on May 16, 1924. The first charges Joseph B. Marsino with the larceny of certain bonds belonging to the First National Bank of Warren, a national banking association duly established under the laws of the United States of America, and Frank L. Taylor and Abraham Goldman as accessories to the larceny before the fact. The second indictment charges Joseph B. Marsino, Frank L. Taylor and Abraham Goldman with conspiracy to steal said bonds of the national bank.

The third and fourth cases, entitled Joseph B. Marsino *v.* Commonwealth, are two petitions for writs of error filed in the Supreme Judicial Court on June 17, 1924, after the petitioner had appealed from the action of the court on his

plea to the jurisdiction and after he had perfected exceptions taken to all the questions of law set forth in the petitions for writs of error. The petitioner, in each petition, assigns as errors in the record of the process and judgment (1) "Because the Superior Court erred in denying him an opportunity to have the issues of fact raised by his said plea to the jurisdiction determined before his arraignment;" (2) "Because the Superior Court erred in overruling the petitioner's plea to the jurisdiction;" (3) "Because the Superior Court erred in compelling the petitioner to go forward with the trial upon the general issue without first determining the questions of fact raised by his said plea to the jurisdiction;" and (4) "Because the Superior Court erred in pronouncing judgment upon the verdict rendered against the petitioner at said trial (a) because the Court had no jurisdiction of said cause; and (b) because the conspiracy charged against him was merged in the larceny for which he had previously been adjudged guilty and sentenced as aforesaid."

The fifth case, entitled Joseph B. Marsino *v.* Clerk of Superior Court, is a petition for mandamus, filed January 10, 1925, against the clerk of the Superior Court for Worcester County, which seeks a direction to the clerk to omit from the record one of three bills of exceptions allowed by the court as constituting one record, but which was subsequently waived by the defendant.

At the hearing before the full court the defendant stated that he waived the petition for the writ of error if the filing of such was incompatible with the prosecution of the exceptions saved by the defendant; that he waived the petition for mandamus; and waived any exception "taken in his behalf during the testimony or to the charge which, if valid, would result merely in a retrial in the State Court." In this state of the record we shall consider first whether the petition for a writ of error is properly before this court, and if not, then such substantive questions of law as are saved by the bill of exceptions.

A writ of error is an original, independent action and in its origin and nature is distinguishable from appeals and bills of exceptions, which are continuations of the original

action. In criminal cases, as distinguished from civil actions, the writ lies notwithstanding there is a remedy by appeal. *Cooke, petitioner,* 15 Pick. 234. *Thayer* v. *Commonwealth,* 12 Met. 9. *Savage* v. *Gulliver,* 4 Mass. 171, 178. *Perkins* v. *Bangs,* 206 Mass. 408, 416. If the case proceeds according to the course of the common law as modified by practice and usage of the Commonwealth, G. L. c. 250, § 2, such a writ will lie after a final judgment in a court of record. *Cooke, petitioner, supra.* " 'A writ of errour.' This writ lyeth when a man is grieved by an error in the foundation, proceeding, judgment, or execution, . . . But without a judgment, or an award in nature of a judgment, no writ of error doth lie; for the words of the writ be, *si judicium redditum sit.*" Coke upon Littleton, 288b, § 503. A judgment in a criminal case may be re-examined and reversed or affirmed, upon a writ of error, for any error in law or fact. G. L. c. 250, § 9. No final judgment can be entered in this case while the exceptions are pending and undecided. *Bearse* v. *Mabie,* 198 Mass. 451. *Wylie* v. *Blake & Knowles Steam Pump Works,* 221 Mass. 489. *Daly* v. *Kohn,* 230 Ill. 436. It follows that the petition for the writ of error must be dismissed.

Accepting as the measure and guide the terms of waiver above set forth, we put to one side the exceptions, taken to the denial of the judge to submit to a jury such issues of fact as were raised by the defendants, which were saved during the trial, and to the admission or rejection of testimony or to the charge of the judge which, if valid, would result in an order for a new trial. The defendant's exceptions, taken to the refusal of the court to have the issues of fact raised by the plea to the jurisdiction heard and determined before putting him on trial to the indictments, if not included within the scope of the waiver, must be overruled. The basic facts asserted in the plea and in the affidavits in support of the plea were put in issue by the government without a formal demurrer, traverse or replication, and were facts which were necessary to be determined against the defendant on the issue of guilt or innocence at the trial on the merits. In such a situation the law does

not require for the protection of the defendant that a jury should be empanelled to determine the facts raised on the plea, and if the issues be found against the defendant another jury shall be required to decide the identical issues of fact at the trial on the merits. *Wright* v. *United States,* 158 U. S. 232, 238. The cases of *Commonwealth* v. *Merrill,* 8 Allen, 545, *Nauer* v. *Thomas,* 13 Allen, 572, and *Commonwealth* v. *Chesley,* 107 Mass. 223, cited by the defendant, on their facts required that the issue of former acquittal should be determined before the trial was had on the merits; while in the case at bar the issue of facts makes proper the submission of the plea on the merits with the merits raised by the general issue.

The facts upon which the substantive and fundamental exceptions saved by the defendants are founded are that on February 6, 1923, two men walked out of the First National Bank of Warren carrying two bags; one of these men was Marsino, the other Frank L. Taylor, then president of the bank. In the bag carried by Marsino were bonds of the property of the bank of the value of about $190,000. An indictment against Marsino, Taylor and one Abraham Goldman was found by the Federal grand jury for the District of Massachusetts, under § 5209 of the U. S. Rev. Sts., as amended, charging Taylor as president with the misapplication of the bonds above referred to, and Marsino and Goldman with aiding and abetting Taylor in the commission of the offence with which said Taylor stood charged. Taylor and Marsino were apprehended and set to the bar, and had the indictment read to them. Taylor pleaded guilty on May 17, 1923, and was sentenced and committed to the house of correction at Plymouth. Marsino pleaded guilty on November 14, 1923, and was sentenced and committed to the United States penitentiary at Atlanta, Georgia. On May 16, 1924, the grand jury for the county of Worcester returned an indictment against Marsino, Taylor and Goldman, charging Marsino with larceny of bonds of the property of the First National Bank of Warren, and Taylor and Goldman with aiding and abetting Marsino in the commission of the felony charged against him. On the same day the

same grand jury returned an indictment against Marsino, Taylor and Goldman charging them with a conspiracy to steal the said bonds. The indictments being read to them, Taylor pleaded guilty to both indictments and was called as a witness by the Commonwealth; Goldman, after trial, was found not guilty upon each indictment; and verdicts of guilty were returned by the jury against Marsino upon both indictments.

The jury were instructed that if the crime was committed as alleged in the Federal indictment, the State indictment could not be maintained; that over the offence charged in that indictment, "The courts of the United States have exclusive jurisdiction." The judge further charged as follows: "The issue on the facts as to whether Marsino is guilty of the crime charged in this indictment because of the laws of the United States, to which I have referred, narrows down then, gentlemen, substantially to this: Did this transaction in that bank on that day occur in substantially the manner testified to by Taylor? If it did, Marsino is guilty; if you find beyond reasonable doubt that it occurred substantially as Taylor said it did, Marsino is guilty. If you have a reasonable doubt as to whether it occurred in that manner, or you believe Marsino's version to be the correct one, Marsino should be acquitted. In other words, if Taylor, who was the president of that bank, had an active part in the diversion of those bonds from their proper place and ownership there in the bank into the hands of Marsino for Marsino's own use, with knowledge that they would not be returned, then Marsino will have to be acquitted, because it is a Federal offence subject only to the jurisdiction of the Federal Courts; but if Marsino went into that bank with the purpose in his mind to obtain possession of those bonds, to convert them to his own use and permanently deprive the bank of them, he is guilty, even though he were aided in the accomplishment of that purpose by carelessness on the part of Taylor in affording him an opportunity, which purpose otherwise he might not have had. Taylor must be found by you to have been an active participant in the wrongful taking away of those bonds, if Marsino is to be acquitted because of

Taylor's participation. If Taylor's participation was only, as I have said, to the extent of unwittingly, carelessly opening up the opportunity to Marsino to lay hands on those bonds and get away with them for that unlawful purpose, then Marsino may be convicted. . . . If Taylor's participation was that of an innocent and careless dupe, not as attentive to his duties as president of the bank as he should have been, but not knowing the scheme and purposely aiding him in the accomplishment, Marsino is guilty. But if Taylor did have that personal guilty knowledge of Marsino's purpose, and himself actively aided in the accomplishment of it, Marsino must be discharged because the offence is then a Federal offence. . . . If you believe Taylor to be an accomplice, of course, under the previous instruction that would exonerate Marsino, it would make it a Federal case. . . . In regard to Taylor's possible connection with the acquisition of the bonds. I said you would have to find that Taylor actively participated in Marsino's acquisition in order to entitle Marsino to an acquittal. I will go a bit further and say that Taylor, being president of the bank, if with his knowledge and consent or active aid, knowledge and consent being on his part knowledge of the purpose Marsino intended to take the bonds for, at least a wrongful purpose on Marsino's part, would also exonerate Marsino; that is, Taylor was president of the bank, and if he had an active part in it, either doing something with his hands or creating an opportunity for Marsino to take the bonds, with the knowledge on his part that Marsino was going to make an unlawful use of the bonds, that would bring Marsino within the Federal jurisdiction. But as I said before, mere carelessness on the part of Taylor in creating an opportunity for Marsino to get the bonds without knowledge on Taylor's part or assistance, or both, in his getting the bonds for that unlawful purpose, would not entitle Marsino to an acquittal." As Marsino was found guilty, the jury must have found that he fraudulently took the bonds from the First National Bank of Warren without the knowledge, assistance, connivance or participation of Taylor (the president) or of any other officer of that bank.

Obviously the one outstanding fundamental question of law which includes and envelops every other subsidiary question, is, Had the judge of the Superior Court, in view of the indictments and judgments in the District Court of the United States, the legal right to submit to the determination of the jury the issue presented by the State indictments, whether Marsino or Taylor stole the bonds, and, if Marsino stole the bonds, he did so with the participating aid, and purposeful assistance of Taylor? It is plain and the defendants concede that no question of former acquittal or of double jeopardy is presented in the case at bar. Larceny from a national bank is not punishable under the Federal laws and the sole jurisdiction of that offence is in the States. *Commonwealth* v. *Felton,* 101 Mass. 204. *Commonwealth* v. *Barry,* 116 Mass. 1. *Easton* v. *Iowa,* 188 U. S. 220, 235. *Southern Railway* v. *Railroad Commission of Indiana,* 236 U. S. 439, 445. *United States* v. *Lanza,* 260 U. S. 377, 382. We think the facts charged in the indictment found in the District Court of the United States which, without the proof of evidence, were admitted by the plea of guilty, are to be taken as true and indisputable only when the fact of the convictions of the defendants becomes material; and that the judge in the case at bar was not required to rule or to instruct that such facts in the trial of the then pending indictments were established indubitably by the judgment.

There is nothing in the contention of the defendants that the conspiracy was merged in the contemplated and consummated felony. *Commonwealth* v. *Walker,* 108 Mass. 309, 314. *Commonwealth* v. *Andrews,* 132 Mass. 263, 265. Nor is there anything in the contention that the evidence did not warrant a finding of conspiracy.

<div align="right">*Exceptions overruled.*</div>