JAMES F. LEE *vs.* ORRA A. P. FOWLER.

ORRA A. P. FOWLER *vs.* JAMES F. LEE.

Norfolk.    January 24, 1928. — May 24, 1928.

Present: RUGG, C.J., BRALEY, CARROLL, & SANDERSON, JJ.

*Minor. Judgment,* Vacation. *Error, Writ of. Practice, Civil,* Vacation of judgment, Amendment.

After a trial and a verdict for the plaintiff in an action of tort in the Superior Court, judgment was entered for the plaintiff on July 5, and on the same day the defendant filed in the Supreme Judicial Court a petition for a writ of error to reverse such judgment on the ground that during the trial he was a minor and that no guardian *ad litem* had been appointed to represent him. On July 6, a writ of error and a writ of scire facias issued, returnable on the first Monday of August; no writ of supersedeas was issued. On July 21 in the Superior Court orders were made allowing under G. L. c. 250, § 14, a motion by the plaintiff vacating the judgment against the defendant, amending the writ and declaration to describe the defendant as a minor, and appointing a proper person to act as guardian *ad litem* for the defendant; the guardian accepted the appointment. Thereafter such proceedings were recited in the return upon the writ of error. By order of a single justice of the Supreme Judicial Court, upon the writ of error, the judgment of the Superior Court was reversed and judgment was ordered for the defendant. *Held,* that

(1) Under G. L. c. 250, § 14, the Superior Court had jurisdiction to entertain and act upon the plaintiff's motion to vacate the judgment after the writ of error had been sued out and before the return day thereon;

(2) The mere suing out of the writ of error without the issuance of a writ of supersedeas did not deprive the Superior Court of jurisdiction of the original case still pending before it;

(3) The writ of error did not bring the original action into the Supreme Judicial Court;

(4) The action of the Superior Court in vacating the judgment was within its power and rested in sound judicial discretion; the record disclosed no abuse of discretion;

(5) Although it would have been proper to appoint a guardian *ad litem* for the defendant before granting the motion to vacate the judgment, that was not essential;

(6) After the vacation of the judgment in the Superior Court, there was nothing upon which the writ of error could operate, and an order should have been made dismissing that writ.

TORT for personal injuries. Writ dated September 29, 1925. Also, a

PETITION, filed in the Supreme Judicial Court for the county of Norfolk on July 5, 1927, for a writ of error to vacate a judgment for the plaintiff in the sum of $3,554.27, entered in the first action on July 5, 1927.

Material facts relating to proceedings in the two cases after the filing of the petition in the second case are stated in the opinion. The allowance of the motion presented in the first case was by order of *Lummus*, J., and the order made in the second case was by *Pierce*, J. The defendant alleged exceptions in the first case and the respondent alleged exceptions in the second case.

*W. R. Cook*, for Lee.

*E. Martin*, for Fowler.

RUGG, C.J. The facts relevant to the grounds of decision of these two cases are these: Action of tort was brought by James F. Lee, hereafter called the plaintiff, against Orra A. P. Fowler, hereafter called the defendant, to recover compensation for injuries sustained by the plaintiff because of the negligent conduct of the defendant. The case went to trial and on May 19, 1927, verdict was returned for the plaintiff, on which judgment was entered on July 5, 1927. The defendant was a minor under the age of twenty-one years, without guardian appointed by the court of probate, and no guardian *ad litem* was appointed for him in that action. On July 5, 1927, he filed a petition in the Supreme Judicial Court for a writ of error to reverse such judgment, assigning as error his minority without guardian to act for him. On July 6, 1927, a writ of error and writ of scire facias issued, both returnable on the first Monday of August, 1927. It does not appear when service was made upon the writ of error, but the return on the same is dated July 29, 1927. Before the date

of return, namely on July 21, 1927, the plaintiff filed in the Superior Court a motion to vacate the judgment under G. L. c. 250, § 14.   On the same date this motion was allowed after hearing, and by order of the court the writ and declaration were amended so as to describe the defendant as a "minor under the age of twenty-one years," and a proper person was appointed and accepted appointment as guardian *ad litem* for the defendant, all subject to the exception of the defendant.   The main ground set forth in the motion to vacate the judgment was that during all the proceedings theretofore had the defendant was a minor under the age of twenty-one years without probate guardian or guardian *ad litem*, that writ of error had been sued out on that ground, and that the plaintiff desired to avoid the delay incident to that proceeding.   These facts in substance are recited in the return on the writ of error.   After the pleadings in the writ of error were completed, that case came on for hearing and the entry was made, "Judgment reversed; and judgment for the defendant ordered."   This was subject to the exception of the plaintiff. In passing it may be observed that in no event ought judgment to have been ordered for the defendant.   That was not the judgment which ought to have been rendered in the court below, because the extreme relief for the defendant would be to set aside the judgment and let the case stand for further proceedings without depriving the plaintiff of his cause of action.

The Superior Court had jurisdiction to entertain and act upon the plaintiff's motion to vacate the judgment after the writ of error had been sued out and before the return day thereon. By G. L. c. 250, § 14, it is provided, "If final judgment has been rendered in a civil action, the court in which it was entered may, within three months thereafter, if the execution has not been satisfied in whole or in part, vacate it, upon the motion in writing of the prevailing party, and dispose of the case as if it had not been entered.   Such motion shall be filed in the case and, except by special order of the court, no bond shall be required."   The terms of this section are absolute and unqualified.   No exceptions are stated.   Its force and validity have been recognized.   *Marsch* v. *Southern*

*New England Railroad,* 235 Mass. 304, 305. *Davis* v. *National Life Ins. Co.* 187 Mass. 468, 469. *Barry* v. *New York Holding & Construction Co.* 226 Mass. 14, 20. The facts bring the case at bar within its description. The case had gone to judgment, the plaintiff was the prevailing party, the execution was not satisfied in any part, and the motion was filed within the time specified.

The suing out of the writ of error did not deprive the Superior Court of jurisdiction of the original case still pending before it. The writ of error is a common law process and procedure under it is according to the common law. It is an independent action distinct and separate from the case, judgment in which is sought to be reversed. *Perkins* v. *Bangs,* 206 Mass. 408, 412. *Hanzes* v. *Flavio,* 234 Mass. 320, 327. *Commonwealth* v. *Marsino,* 252 Mass. 224, 227. G. L. c. 250, § 2.

The judgment is not affected by the bringing of the writ of error unless there is also a supersedeas, but remains in full force unless and until impaired by some mandate of court entered upon the writ of error. *Goodrich* v. *Wilson,* 135 Mass. 31, 33. *Duart* v. *Simmons,* 236 Mass. 225, 227. *O'Loughlin* v. *Overton,* 68 Kans. 92.

The writ of error does not bring into the Supreme Judicial Court the original case. That remains in the court in which it went to judgment.

The action of the Superior Court in vacating the judgment of July 5, 1927, was within its power. Although the judgment against a minor is not void but voidable at the election of the minor, it is of such precarious value to the plaintiff that it might be vacated on his motion under G. L. c. 250, § 14. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 422, 423. See *Johnson* v. *Waterhouse,* 152 Mass. 585.

The granting of a motion to vacate a judgment rests largely in sound judicial discretion. There is no foundation for the inference that there has been abuse of such discretion. *Hunt* v. *Simester,* 223 Mass. 489, 492. *Rollins* v. *Bay View Auto Parts Co., supra,* page 423. *Porter* v. *Travelers Ins. Co.* 236 Mass. 524. *Ryan* v. *Hickey,* 240 Mass. 46, 47. Although it would have been proper to appoint a guardian

*ad litem* for the defendant before granting the motion to vacate the judgment, this was not essential.  Facts had been brought to the attention of the court showing that the judgment ought not to have been entered.  The vacation of the judgment, the amendment of the writ and declaration, and the appointment of the guardian *ad litem* all took place on the same day.  They may be treated as contemporaneous judicial acts and the precise order is not significant.  *Carleton* v. *Ashburnham*, 102 Mass. 348, 350.  See *Stevenson* v. *Donnelly*, 221 Mass. 161, 164, *Munnss* v. *American Agricultural Chemical Co.* 216 Mass. 423.

It is apparent from the return of the action in the Superior Court made on the writ of error that the errors of which complaint was made in the assignment of errors had been wiped out by the vacation of the judgment.  Writ of error lies only to reëxamine a judgment.  G. L. c. 250, § 3.  After the vacation of the judgment the case stood as if no judgment had been entered.  *Goodrich* v. *Bodurtha*, 6 Gray, 323.  When the judgment had been vacated, there was nothing upon which the writ of error could operate.  The proper disposition was to dismiss it.  *Cherry* v. *Cherry*, 253 Mass. 172, 176, 177.

In the writ of error the exceptions of the defendant in error are sustained and the writ is to be dismissed.  In the action of tort the defendant's exceptions are overruled.

*Ordered accordingly.*