## SULLIVAN v CLOUD et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5665. Decided Nov. 13, 1939

Heilker & Heilker, Cincinnati, for appellee.

Maxwell & Ramsey, Cincinnati, and Wm. A. McKenzie, for appellants.

## OPINION

By HAMILTON, J.

The two appeals grow out of an action which originated in the court of common pleas, to construe the will of John E. Sullivan, deceased, and for a declaratory judgment as to the interests involved.

The case is here on a motion to dismiss the appeal, and on a motion to strike the bill of exceptions from the files.

To determine the motions, it is necessary to make a chronological statement of the proceedings as disclosed by the record.

It appears that Judge Alfred Mack, of the Court of Common Pleas, on May 19th, 1939, entered a decree construing the will of John E. Sullivan, and declaring the rights of legatees and distributees thereunder.

On May 31st, the defendants gave notice of appeal from the decree of May 18th.

The record next discloses, in the transcript, that on July 1st, a Judge of the Court of Common Pleas, other than the judge who entered the decree of May 19th, entered a judgment, setting aside Judge Mack's decree of May 19th. Why the judgment of May 19th was set aside is not disclosed in terms by the record.

While it is true a trial court has control of its judgments during the term and may set aside a judgment entered at that term for good cause shown, and in a proper proceeding, and on notice to opposing counsel to that effect, and in the exercise of sound discretion, has the power so to do, there are several objections to the action of the court in

setting aside this judgment of May 19th.

The common pleas court had no power to vacate the judgment after the appeal to the Court of Appeals. The notice of appeal vests jurisdiction of the case in the Appellate Court. Moreover, no proper proceeding of any kind was taken by either party to have the judgment set aside. Further, the defendants by procuring the vacation of the judgment of May 19th, in effect, abandoned their appeal, and will be held to have done so.

There is in the record an affidavit to the effect that counsel, securing the setting aside of the judgment, called opposing counsel, and stated he desired the judgment set aside for the reason that he was out of time for filing his bill of exceptions, and desired additional time for the filing of the same. If this affidavit was in the record in a bill of exceptions the vacation of the judgment would be promptly reversed.

This court and other courts have held that it is not within the sound discretion of the court to set aside a judgment for the purpose of tolling the time for filing a bill of exceptions.

As above stated, the action of the trial court setting aside the judgment was subsequent to the filing of the notice of appeal to the judgment of May 19th on law and fact. The notice of appeal removed the entire case to the Court of Appeals, and vacated the judgment in the court below. The trial court, by the appeal, loses all power to do anything in the case. See 2 O. Jur., §§317, 318, 319, and 321; Taylor, etc. v Fitch, et, 12 Oh St 169, at 172; 3 Am; Juris. 192; 14 C. J. S. 1091.

It follows that the judgment of July 1st, 1939, setting aside the judgment of May 19th was void and of no force or effect.

After the entry of July 1st, 1939, a new hearing was had by Judge Mack. On July 7th, 1939, a new hearing was had by Judge Mack. On July 7th, 1939; the court entered a decree in words and

terms of the judgment of May 19th, which, in effect, constituted but a re-entry of the original judgment.

From the judgment of July 7th, there is no appeal.

The judgment of July 1st, setting aside the judgment of May 19th, being void, the proceedings and judgment of July 7th are void and of no effect. The appeal based upon the judgment of July 1st is dismissed; that judgment having been procured by appellant, and they may not prosecute an appeal from their own judgment.

There does not appear to be any bill of exceptions in the appeal from the judgment of May 19th, 1939. There is, therefore, nothing to strike and the motion to strike the bill of exceptions will be stricken from the record.

Our finding is, that the action of the trial court, vacating the judgment of May 19th, 1939, is void and of no effect; that the appeal from that judgment was abandoned by appellant in procuring the vacation entry; and that the proceeding and judgment of July 1st is a nullity.

For the reasons above stated, the appeals, No. 5665 and No. 5700 are dismissed.

ROSS, J., concurs.

MATTHEWS, J. (Concurring in part and dissenting in part).

An examination of the transcript of the docket and journal entries and original papers discloses that the court is not justified in concluding that the vacating entry of July 1st was at a term subsequent to the term at which the judgment of May 19th was entered. As I read the transcript it shows that the April term ended after July 1st, not before that date. If that is not the correct construction, it certainly must be said that the record is indefinite upon the subject. In that situation, the presumption in favor of the validity and regularity of the proceeding in the trial court, which we are required to indulge, should cause us to conclude that this vacating entry was made when the court had power to make it. Furthermore, we know that by §1533, GC, the common pleas court has power to fix its terms, and, of course, it would take judicial notice of what it had done in that respect. Now if this court takes judicial notice of matters of which the trial court notices without proof, as would seem to have been decided in **Orose v Hodge Co., 132 Oh St 607,** we have a right to inform ourselves outside the record of the fact. If we do that, we learn that the July term did not begin until July 3rd.

We have then a case in which the court entered and set aside a judgment at the same term of court, or, at least, a case in which we cannot say from the record that both acts were not taken at the same term. That the judgments and orders of a court are in fieri—in process,—in the breast of the court—and subject to change in the exercise of a sound judicial discretion during the term at which they are made, is one of the ancient rules of practice of the common law, which has been universally adopted by the State and Federal courts of this nation. **Savin v Burdsall, 61 Oh Ap 539, 22 N. E. (2d) 914, 15 OO 347.**

The court, therefore, had the power—the jurisdiction—to make the order of July 1st, vacating the judgment of May 19th. Whether there was error, justifying a reversal depends upon other considerations.

If the record affirmatively shows an abuse of discretion, that is, that the vacation was purely arbitrary, this court would be justified in reversing the vacating order and thereby restoring the operating effect of the judgment. But so long as the vacating entry is not itself vacated the judgment entry of May 19th cannot operate as a judgment.

In the majority opinion it is said that the notice of appeal on law and fact having been filed prior to July 1st, the common pleas court was divested of all jurisdiction and the entire case brought into this court for a trial de

novo. If the petition states a cause of action in chancery, the appeal undoubtedly terminated the jurisdiction of the common pleas court. The authorities cited in the majority opinion clearly establish that principle. However, if the cause of action is not in chancery, there can be no trial de novo in this court and the attempt to appeal on fact as well as law is ineffective as an appeal on fact by the express terms of §12223-6, GC. It—the appeal —is only on law under such circumstances. In other words, it is a review, which, under the practice prior to the adoption of the Appellate Code and in those jurisdictions which preserve the procedural distinctions between law and equity, would be denominated a proceeding in error. Such a proceeding does not transfer the entire case to the appellate court. The trial court still retains all the jurisdiction over the persons and subject-matter that the law conferred upon it, and this includes control over its judgments during the term. Cincinnati v Alcorn, 122 Oh St 294; Marlinka v Cleveland Ry. Co., 133 Oh St 359; Miller v Prout, 187 Pac. (Idaho) 948; Thompson v Towle, 98 Conn. 738, at 741; 120 Atl. 503, and Lee v Fowler, 263 Mass. 440. In the case of Lee v Fowler, the Court said at page 443:

"The suing out of the writ of error did not deprive the Superior Courts of jurisdiction of the original case still pending before it. The writ of error is a common law process and procedure under it is according to the common law. It is an independent action distinct and separate from the case, judgment in which is sought to be reversed. Perkins v Bangs, 206 Mass. 408, 412. Hanzes v Flavio, 234 Mass. 320, 327. Commonwealth v Marsino, 252 Mass. 224, 227, G. L. c. 250, sec. 2.

"The judgment is not affected by the bringing of the writ of error unless there is also a supersedeas, but remains in full force unless and until impaired by some mandate of court entered upon the writ of error. Goodrich v Wilson, 135 Mass. 31, 33. Duart v Simmons, 236 Mass. 225, 227. O'Lough-lin v Overton, 68 Kans. 92.

"The writ of error does not bring into the Supreme Judicial Court the original case. That remains in the court in which it went to judgment.

"The action of the Superior Court in vacating the judgment of July 5, 1927, was within its power."

In 4 Corpus Juris Secundum, at 1100, it is stated as the black-letter epitome of the law that:

"After an appellate proceeding has been perfected the trial court usually cannot vacate or set aside the judgment or order, except in the exercise of its power over its own judgments or orders during the term."

The same general rule is stated in 3 Am. Jur. 193, and the same exception of the power of the court over its orders during the term is also stated.

Now what is the nature of the action alleged?

An examination of the petition discloses that the provisions of the will which the court is asked to construe do not purport to create a trust. As the touch-stone by which to determine whether an action for a declaratory judgment to be appealable on law and fact, is whether the declaration desired relates to chancery or non-chancery subjects, it is clear that this action is not appealable on law and fact. Whiting v Bertram, 51 Oh Ap 40; Dillon v Gaker, 57 Oh Ap 90. Therefore, the appeal taken on May 31st, 1939, and numbered 5665 on the docket of this court is an appeal on law only, notwithstanding the notice recites that it is on law and fact. That being true, the Common Pleas Court had jurisdiction to vacate the judgment appealed from during the term, provided it was done in the exercise of sound discretion. And we cannot assume that the vacation was arbitrary, without a bill of exceptions setting forth all the evidence upon which the court acted on some other authoritative certification in the record of the basis of the court's action. The affidavit of counsel found in the files does not have the verity

which a certification of the trial court carries, and which is required for action by this court. The entry recites that it was made for good cause, and, in the absence of an authoritative record disproving it, we must presume that it existed.

As it appears of record that the judgment appealed from in Case No. 5665, has been vacated by the court at the same term of court and which it still had jurisdiction so to do in the exercise of a sound discretion, this action should be dismissed for the reason that the question has become moot.

The motion to strike the bill of exceptions from the files and to dismiss the appeal in case No. 5700 should be overruled. It is true that the notice of appeal states that the order appealed from is the judgment entered on July 1st, and that as appellant caused the court to make it, no error, prejudicial to him, could flow from it. That would be a ground for affirmance—not dismissal.

Nor can I concur in the position taken by the majority, that seeking and having the trial court make the vacating order of July 1st, which they have found is a nullity, could be considered an abandonment of the appeal, in case No. 5665. While it should be dismissed, that is not the correct reason. If the entry of July 1st is a nullity, it seems to me it should be so regarded for all purposes.