WABASH-PORTLAND CEMENT CO., APPELLEE, *v.* STATE OF OHIO, DEPARTMENT OF HIGHWAYS, ET AL., APPELLEES; CONTRACTORS CONSTRUCTION CO. ET AL., APPELLANTS.

(No. 5074—Decided October 1, 1954.)

*Mr. James R. Spellman,* for appellee Wabash-Portland Cement Company.

*Mr. C. William O'Neill,* attorney general, and *Mr. Hugh E. Kirkwood, Jr.,* for appellee Department of Highways.

*Mr. Nicholas Bauer* and *Mr. E. G. Schuessler,* for appellant.

MILLER, J. This is an appeal on questions of law from an order of the Common Pleas Court of Franklin County, overruling the appellant's motion which sought to have a former order made at a prior term of court set aside. The order complained of was entered on June 30, 1953, and is as follows:

"For good cause shown, the above entitled action is replaced upon the active list.

(Signed) Bartlett, Judge."

The aforesaid order vacated the following judgment entered on May 12, 1953:

"By agreement of the parties hereto, this cause may be dismissed with prejudice and without record at costs of plaintiff and court orders said funds held by the Highway Department of the state of Ohio to be the property of the defendant, the Contractors Construction Company.

(Signed) Bartlett, Judge."

After the above order was vacated, to wit, on September 26, 1953, the record discloses a judgment was rendered for the plaintiff and against the state of Ohio, Department of Highways, for the amount sought

in the petition. The other defendant, appellant herein, the Contractors Construction Company, was claiming the money which had been awarded to the plaintiff, and soon thereafter, on October 23, 1953, filed this motion to vacate the order of June 30, as well as the judgment entered on September 26, 1953. The motion set forth the following irregularities in obtaining the order:

"(1) Said orders were made without notice to this defendant.

"(2) Said orders were made without written application therefor by any parties to this action.

"(3) * * *.

"(4) For other irregularities apparent upon the record."

The court properly sustained the motion to vacate the judgment entered in behalf of the plaintiff and against the state of Ohio, but overruled the motion seeking a vacation of the order of June 30, to wit, the order placing the case again on the active list. It will be noted that the order vacating the judgment of dismissal with prejudice was entered during the same term that the order was made reinstating the case on the active list. The law seems to be well established that since the Legislature of Ohio has failed to provide for the vacation or modification of judgments during the term, the common-law rule must apply. Under this rule a court of general jurisdiction has full control over its orders or judgments during the term at which they are made, and may, on sufficient cause being shown, amend, correct, open, or vacate such judgments. 23 Ohio Jurisprudence, 1216, Section 1121; 49 Corpus Juris Secundum, 436, Section 229. The courts have uniformly held, however, that this power may not be exercised arbitrarily, but must be exercised within the sphere of a sound discretion.

*First National Bank of Dunkirk* v. *Smith,* 102 Ohio St., 120, 130 N. E., 502; *Moherman* v. *Nickels,* 140 Ohio St., 450, 45 N. E. (2d), 405, 143 A. L. R., 1174; *Tims* v. *Holland Furnace Co.,* 152 Ohio St., 469, 90 N. E. (2d), 376. The questions, therefore, presented are two-fold:

(1) Did the court abuse its discretion in entering the order of June 30 reinstating the case on the active list?

(2) If so, was the same irregularly obtained so as to permit its vacation at a later term of court under Section 2325.01, Revised Code?

We are of the opinion that both of these questions must be answered in the affirmative. The record does not show any defect or irregularity in the order of dismissal with prejudice on May 12, which could constitute good cause for again placing the cause on the active list. It should also be noted that no motion was filed setting forth any good cause for vacating the order. Therefore, the record discloses no reason for the reinstating of the case on the active list. The procedure in securing said order was not regular as counsel for the appellant had no notice of the same, hence, no opportunity to be heard. *Sullivan* v. *Cloud,* 62 Ohio App., 462, 24 N. E. (2d), 625. The motion met the requirements of Section 2325.01, paragraph (C), Revised Code, and should have been sustained. The order appealed from will be reversed and the cause remanded with instructions that the motion to set aside the order of June 30, 1953, be sustained.

*Order reversed.*

WISEMAN, P. J., and HORNBECK, J., concur.