JOURNAL ENTRY AND OPINION,
Plaintiff-appellant Dennis Yeckley (husband) appeals the trial court's granting of his complaint for divorce.
Both parties testified that they had lived separate and apart for over a year at the time husband filed for divorce. The parties have five children together, all of whom were in custody of the juvenile court at the time of the hearing. Neither party was employed at the time of the hearing. In his complaint, husband's only demand was that he be granted a divorce from the defendant; and for such other relief as shall be proper and necessary.
Because the domestic relations court was waiting for the outcome of the juvenile proceedings before ruling on the divorce action, the case lingered in the court for two years. At the time of the hearing, the domestic relations court file could not be located and neither party objected to proceeding with the hearing without the file. Husband was represented by private counsel, who agreed with the court that the only matter before this Court is whether or not [the parties] should be divorced[.][1] At the end of the proceedings, husband's attorney stated that he could reconstruct the file. We have these documents in our computer. Tr. at 17.[2]
The court granted husband the divorce, again without objection by either party. Husband now appeals pro se from the court's decision.
 For his first assignment of error, appellant states I. TRIAL COURT [sic] ABUSED ITS DISCRETION BY LOSING THE FILE.
Husband states because the trial court lost the file, there is [sic] questions as to the impartiality and the discretion that was applied by the trial court. Appellant's brief at 5. He fails to point to any portion of the transcript or proceedings which shows a lack of partiality or discretion. Husband goes on to allege that the court was unreasonable in losing the file and in proceeding with the hearing without the file. He fails to state, however, what harm was done by the lack of the file at the hearing. Additionally, a review of the file shows nothing which would have had any effect on the outcome of the proceedings. Finally, he fails to show whether or not the trial court had possession of the file at the time it wrote its judgment entry.
Further, husband failed to object to the lack of the file at the hearing. When the court stated that it would proceed to address the issue of the parties' divorce, husband's only concern or objection was that there was also an issue of unpaid debts.[3] Husband does not, however, raise this issue on appeal.
Aside from filing a complaint demanding a divorce from his wife, husband made no other specific demands in the lower court. He was granted a divorce and incurred no obligation to pay spousal support or child support. He also was awarded all the property currently in his possession and raised no objection to any of the issues decided by the court.
It is axiomatic that any issue not objected to at trial cannot later be raised on appeal. [W]e have long recognized, in civil as well as criminal cases, that failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal. Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121. Neither husband nor his attorney raised any objections during the trial. Husband is barred, therefore, from objecting to the proceedings now. Furthermore, he states no harm resulting from the court's decision.
The court granted exactly what appellant requested in his complaint a divorce. While appellant's complaint included a generalized request for equitable relief, he has not specified on appeal any equitable relief he was denied. We can hardly find error in the judgment of a trial court that grants a party exactly what it asked for * * *. Upper Miami Valley Urology Clinic v. Peltier(Nov. 22, 1995), Miami App. No. 95-CA-26, unreported at *5. See also Sullivan v. Cloud (1939), 62 Ohio App. 462.
Appellant's first assignment of error is overruled.
For his second assignment of error, appellant states
 II. TRIAL COURT ABUSED ITS DISCRETION BY NOT FOLLOWING PROCEDURES PURSUANT TO LOCAL RULE 34 OF THE CUYAHOGA COUNTY DOMESTIC RELATIONS COURT.
Appellant claims that the court abused its discretion by making its decision before wife fulfilled the requirements of Cuyahoga County Local Rule for Domestic Relations Court No. 34. Again, appellant failed to object to the court's rulings at the hearing and therefore waived any right to appeal, as discussed under assignment of error one.
Nonetheless, appellant's second assignment of error is also without merit. Rule 34 addresses parenting seminars required of divorcing parents of minor children. Although the rule requires that each parent successfully complete this seminar within thirty days of completing service of a divorce complaint or dissolution petition, it also states that no action shall be delayed by the responding or nonmoving party's failure or delay in completing the seminar. In such event the Court may elect to conduct a hearing and issue a final order.
In the instant case, the wife, the nonmoving party, failed to complete the parenting seminar. Because she was the nonmoving party, the court did not err in refusing to delay the hearing and issue its order granting divorce. The rule clearly states that the action shall not be delayed by her noncompliance. Because this case was already two years old, it would have been unreasonable for the court to delay its ruling for this reason.
Further, neither parent had custody of the children at the time of the divorce. The record does not reflect whether the county was awarded permanent custody of the children or not; nonetheless, a parenting seminar is hardly essential for parents who no longer have custody of their children. And, as noted above, appellant failed to preserve this issue for appeal by objecting at the trial level, and he therefore lacks standing to appeal now.
Appellant's second assignment of error is overruled.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________________ DIANE KARPINSKI, ADMINISTRATIVE JUDGE:
KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR.
[1] Wife remained unrepresented throughout the proceedings and did not file an answer.
[2] At the time of the appellate hearing, the file is complete. Wife filed no documents.
[3] The court agreed when husband's attorney stated, [i]f there is a $1,300 bill from the marriage and/or if there is a Visa bill in another person's name, I don't know that the Court can address that anyway. Tr. at 15. Husband's attorney then stated that the parties could simply position both billings as saying that the parties shall take on the responsibility of recovering any obligations do [sic] and owing on those bills in Civil Court. Id. Neither party objected to this decision.