JAMES H. CARPENTER *et al.*, Appellants, *v.* STEPHEN HOYT *et al.*, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A variance between the writ and declaration must be taken advantage of by plea in abatement.

A bond, under the provisions of the twenty-ninth section of the attachment act, conditioned for the payment of the judgment, may be assigned, as well as a bond given for a return of the property, under the ninth section.

THIS action was brought upon a bond given to the sheriff of Cook county, showing that an attachment had been issued and served by the sheriff at the instance of appellees against one

34

Pierre Bourlier, on divers articles of merchandize which Bourlier was desirous of retaining, conditioned that Bourlier should pay the amount of the judgment and costs, which might be rendered against him in the suit of the Hoyts. This bond was assigned to the appellees. Judgment was rendered by default upon the assigned bond, in favor of appellees at September term, 1855, of the Common Pleas Court, J. M. WILSON, Judge, presiding. A motion to set aside the default was denied, and thereupon an appeal was taken. The errors assigned are, that the writ claims a debt of $761.60, while the judgment is for $1,000. That the declaration upon its face is insufficient, not showing any legal right in appellees to recover. That the bond set out in the declaration is void, it having been taken *colore officii,* and not according to the statute. That the motion to set aside the default should have been granted.

FARNSWORTH and BURGESS, for Appellants.

HOYNE and MILLER, for Appellees.

SCATES, C. J. A party must take advantage of a variance between the writ and declaration by plea in abatement. *Duval* v. *Craig et al.,* 4 Cond. R. 29; *Chirac* v. *Reinicker,* 6 Cond. R. 317; *Garland* v. *Chattle et al.,* 12 John. R. 430; *Prince* v. *Lamb,* Breese R. 298; *Cruikshank* v. *Brown,* 5 Gil. R. 76; *Weld* v. *Hubbard,* 11 Ill. R. 574.

Without discussing the effect of our statute as to its making the writ a part of the record, and how far we might look into the writ upon demurrer for any purpose, we look at the question of mere variance after default, and upon assignment of error, as coming too late.

We are of opinion that a bond given under the provisions of the 29th section of the attachment act, conditioned for the payment of the amount of the judgment and cost, which may be rendered in the attachment suit, may be assigned to the plaintiff in the attachment, as bonds may for a return of the property, given under the provisions of the 9th section.

The 10th section expressly makes the forth-coming bond, under the 9th section, assignable, if forfeited; and the 29th section, authorizes, *instead* of the forth-coming bond for the property, provided in the former, the party to "give a like bond and security in a sum sufficient to cover the debt and damages sworn to, in behalf of the plaintiff, with all interest, damages and costs of suit, conditioned that the defendant will pay the plaintiff the amount of the judgment and costs, which may be rendered against him in that suit, on a final trial, within ninety days after

such judgment shall be rendered." The provisions of the statute must all be construed together, as a whole. The intent to secure the plaintiff in a lien upon the property is exceedingly clear, and in case of default in its return, he shall have an assignment of the forth-coming bond and his remedy upon it, in place of sale of the attached property. Here an absolute obligation for a sufficient sum, conditioned to pay the amount recovered, is substituted. It could not have been the intention of the legislature that he was not entitled to a remedy upon this bond, in substitution of the other bond, or the property. To "give like bond" must import "like" in its assignability, for it is not "like" in its conditions, being for the money absolutely upon recovery of judgment, and not for a return of the property attached. We should destroy the symmetry, mar the design, and defeat the obvious intent of the legislator, in any other interpretation.

There is no solidity in the objection that the bond was taken by color of office. The law expressly authorizes it, and when made, it may be negotiated according to law, by the sheriff, the obligee, to the plaintiff in the suit.

*Judgment affirmed.*