FIRST PEOPLES TRUST *vs.* DISTRICT COURT OF LAWRENCE
& another.

Suffolk.    December 4, 1924. — February 2, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Poor Debtor.*

In those proceedings under poor debtor process which follow the arrest of the debtor either on mesne process or on execution, the debtor is the moving party and has the burden of proving the facts stated in the oath and the facts stated in the certificate, and unless this burden is sustained the oath will be refused.

In proceedings based upon an application to take the poor debtor's oath by a debtor who had been arrested after a default in poor debtor proceedings and had recognized, had given the necessary notice to the creditor, and had delivered himself for examination, the judge has no authority under G. L. c. 224, § 32, to make an order that the debtor deliver certain property to the creditor and that, upon his delivering such property, the oath for the relief of poor debtors be administered to him.

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on June 19, 1924, alleging an error of law by the District Court of Lawrence in poor debtor proceedings against Michael F. Wheatley, wherein, after the debtor had been defaulted and arrested, he recognized and delivered himself up for examination and, upon examination, the judge ordered that Wheatley transfer and deliver certain property to the creditor on or before a certain date "and that upon the delivery of said property to" the creditor "the oath of poor debtor be administered to said Wheatley judgment debtor."

A writ of error and of *scire facias* issued and return was made. Material facts shown by the record are described in the opinion. The matter then was adjourned to the full court.

*W. Hirsh,* for the petitioner.

*H. A. Cregg & M. A. Cregg,* for the respondents, submitted a brief.

SANDERSON, J.  This is a petition for a writ of error. The petitioner recovered judgment against the defendant Wheatley in the sum of $342.08 damages and $9.11 costs, and execution issued therefor.  The judgment remained unsatisfied, and on June 7, 1923, the petitioner sued out a poor debtor citation against Wheatley under G. L. c. 224, returnable to the District Court of Lawrence June 25, 1923, when the debtor failed to appear and a default was entered. On June 28, 1923, a certificate was issued by the district court authorizing his arrest.  On March 6, 1924, he was arrested and taken before a master in chancery, before whom he recognized with surety.  The condition of the recognizance was that Wheatley would within thirty days from the time of his arrest deliver himself up for examination before a magistrate authorized to act, giving notice of the time and place in the manner provided in G. L. c. 224, and abide the final order of the magistrate thereon.  On March 26, 1924, Wheatley took out a citation from the District Court of Lawrence, returnable April 4, 1924, by means of which the petitioner was notified that Wheatley desired to take the oath for the relief of poor debtors.  At the time appointed for hearing he was examined on written interrogatories, and it was disclosed that he was possessed of a truck valued at more than $500 which he had offered the petitioner and the petitioner had refused to receive.  On April 11, 1924, the matter came on to be heard before the District Court of Lawrence, when the justice presiding made an order that the debtor execute and deliver to the creditor or a person in the creditor's behalf by proper instrument a transfer or conveyance of said truck, and all his right, title and interest therein to be applied to the satisfaction of the judgment and costs of proceedings; and that the debtor would be entitled to the oath when the order was complied with.  The case was then continued to April 28, 1924.  The petitioner refused to accept the transfer and delivery of the property on the ground that the court had no legal power to make such order. It then brought this petition for a writ of error, praying that the order and judgment be reversed.  To this writ the defendants plead that there is no error; and further answering

allege that the property was an automobile sold to the defendant Wheatley by the plaintiff in error with reservation of title in itself until fully paid for, and that the defendant in error offered said automobile to the plaintiff which it refused.

Chapter 224 of the General Laws is entitled " Arrest on Civil Process." The first eighteen sections relate to arrest on mesne process and on execution. These are followed by the provisions relating to discharge from arrest. In the proceedings which lead up to the arrest of the debtor, either on mesne process or execution, the creditor is the moving party. But in those which result in the administering or refusing to administer the oath for the relief of poor debtors, the debtor is the moving party. They are " proceedings initiated by the debtor for the purpose of taking the poor debtor's oath after an arrest." *Frost's Case,* 127 Mass. 550, 553. The debtor has the burden of proving the facts stated in the oath and the facts stated in the certificate and unless this burden is sustained the oath will be refused.

The provisions of the statute relating to discharge from arrest require notice to the plaintiff or creditor of the debtor's desire to take the oath for the relief of poor debtors and an examination of the debtor by the court relative to the debtor's property, the disposal thereof, and his ability to pay the debt or satisfy the cause of action for which he is arrested; and either party may introduce additional evidence. The plaintiff or creditor may upon such examination propose to the defendant or debtor interrogatories pertinent to the inquiry. Section 32 provides that " If, upon the examination, the court is satisfied that the facts set forth in the oath to be taken by the . . . debtor, and in the certificate [therein] provided for . . . are true, it shall administer to him the . . . oath." The material provisions of the oath are that the debtor has not any property to the amount of $20 except the property which is by law exempt from being taken on execution, but not excepting intoxicating liquors; and that he has not any other property now conveyed, concealed, or in any way disposed of with the design to secure the same to his own use or to defraud his creditors.

The certificate states in substance that the facts stated in the oath have appeared and that the oath was administered.

In *Damon* v. *Carrol*, 163 Mass. 404, 410, the court said: " the debtor's recognizance required him to deliver himself up for examination.  This means the examination provided by Pub. Sts. c. 162, § 38 [G. L. c. 224, § 30], for a judgment debtor arrested upon execution who has given notice that he desires to take the oath for the relief of poor debtors. When a debtor procures such a notice to be served, the creditor thereby acquires the right to examine the debtor in the mode and with the results pointed out by that section; that is to say, the right to have the magistrate examine the debtor on oath concerning his estate and effects, the disposal thereof, and his ability to pay the debt for which he is arrested; and the creditor may propose to the debtor any interrogatory pertinent to the inquiry. . . . These rights, which the debtor by invoking the statutes has conferred upon the creditor, may bring disclosures which may enable him to satisfy his judgment."

In *Fletcher* v. *Bartlett*, 10 Gray, 491, Chief Justice Shaw stated in substance that the ordinary inquiry in an examination upon an application of a debtor to be admitted to take the poor debtor's oath was "whether the debtor had property, and if he had, the oath was refused, and from the decision of the magistrate on this point there was no appeal."

The court said in *Mowry's Case*, 112 Mass. 394, 397, " The simple issue, whether the debtor has in his possession property not exempt by law from being taken on execution, is in all cases summarily and conclusively decided by the magistrate; and if no charges of fraud are made by the creditor, the question whether the debtor has any other property conveyed or concealed or in any way disposed of, with the design to secure the same to his own use or to defraud his creditors, may be decided in the same way."

The only provision in G. L. c. 224 which authorizes the court to order a debtor to assign property to a creditor is that contained in § 12, which relates to proceedings on a creditor's application for arrest on execution and is limited to property that cannot be taken on execution.  In the pro-

ceedings based upon the application of a debtor to take the oath for relief of poor debtors, the court has no authority to make an order for the transfer of the debtor's property to the creditor.

*Judgment reversed.*
*Mandate to issue accordingly.*