E. S. Farnum *vs.* Joseph Aronson.

Worcester.    September 21, 1925. — October 16, 1925.

Present: Rugg, C.J., Crosby, Pierce, Carroll, & Sanderson, JJ.

*Error, Writ of. Practice, Civil,* Removal to the Superior from a district court, Default for failure to file answer. *Pleading, Civil,* Affidavit on removal from a district court to the Superior Court, Answer, Declaration, Variance.

The filing by an attorney for a defendant in an action in a district court, as the basis of the removal of the action to the Superior Court, of an affidavit "that in his opinion there is an issue of fact requiring trial in the said cause," does not relieve the defendant of the duty of filing an answer in the Superior Court within the time established by G. L. c. 231, § 57; and he may be defaulted for failure thus to file an answer.

A writ in a district court ran against E. S. F. and was served in hand upon him. The declaration described the defendant as E. G. F. The defendant E. S. F. claimed a jury trial and caused the case to be removed to the Superior Court under § 110A, added to G. L. c. 231 by St. 1922, c. 532, § 8. In the Superior Court, the defendant was defaulted for failure to file an answer, and by a writ of error sought to have the judgment reversed because of the variance between the writ and the declaration. *Held,* that

(1) The jurisdiction of the court, which attached with the due service of the writ, was not affected by the defect in the declaration;

(2) The only redress of the defendant by reason of the variance between the writ and declaration was a plea in abatement or a motion to compel the plaintiff in the writ to correct the declaration;

(3) The judgment should not be reversed on a writ of error.

WRIT OF ERROR, issued on October 8, 1924, to the Chief Justice of the Superior Court, seeking to have reversed a judgment for the defendant in error, as plaintiff in an action against the plaintiff in error, in the sum of $216.07 damages and $17.45 costs.

There were seven assignments of error. The defendant in error pleaded *in nullo est erratum.* The case came on to be heard before the Chief Justice of this court, who found that the allegations of fact in one of the assignments of errors were not maintained, allowed the plaintiff in error to amend by adding an eighth assignment, described in the opinion, and ruled that, questions of law alone then being raised, the case must be heard by the full court and was not open for decision by him. The cause thereupon was adjourned to the full court.*

The case was submitted on briefs.

*E. S. Farnum, pro se.*

*H. R. Sher,* for the defendant in error.

PIERCE, J. This is a writ of error on a special judgment of the Superior Court begun and holden at Worcester, within and for the county of Worcester, on the twenty-seventh day of September, 1924, wherein Joseph Aronson was plaintiff and E. S. Farnum was defendant.

On March 4, 1924, the defendant in error, Aronson, brought an action in contract against the plaintiff in error, E. S. Farnum. The writ, served by a summons in hand given to the defendant E. S. Farnum, was returnable to the Central District Court on March 15, 1924. The defendant in error on March 15, 1924, filed a declaration with the writ in the Central District Court. The plaintiff in error was incorrectly described in the declaration as E. G. Farnum. After an appearance, the plaintiff in error, on March 21, 1924,

---

*This proceeding, necessary at the time of this ruling by the Chief Justice, is changed by Common Law Rule 30 of the Supreme Judicial Court, adopted on January 11, 1926. 252 Mass. 598. REPORTER.

duly made claim of a trial by jury, St. 1922, c. 532, and the case was transferred to the Superior Court. G. L. c. 231, § 104. August 30, 1924, the defendant in error filed a motion for default for failure to answer. G. L. c. 231, § 57. September 22, 1924, the motion was allowed and notice thereof was mailed the plaintiff in error. September 23, 1924, a motion to remove the default was duly filed. September 26, 1924, the motion was denied, and a special judgment was entered on September 27, 1924. The writ of error issued November 13, 1924, and the action was removed into the Supreme Judicial Court sitting at Worcester on the first Monday of December, 1924. The plea to the several assignments of error was *in nullo est erratum.* The plaintiff in error in his brief formally waives all assignments of error except the third and an unnumbered assignment which was allowed to be added by the Chief Justice of this court.

The third assignment reads: "That a duly claimed trial by jury entitled the defendant in said cause to file an answer as a matter of right before being defaulted." The assumption of the plaintiff that the filing of ·the affidavit of his attorney to the effect "that in his opinion there is an issue of fact requiring trial in the said cause" relieved him of the duty to file an answer within the time established for so doing by G. L. c. 231, § 57, has no support in the statutes or decisions.

The remaining assignment of error, reads: "That the said Joseph Aronson in his writ has made the said E. S. Farnum defendant and in his declaration has named an entirely different party, by name E. G. Farnum, which misnomer entitles to the plaintiff in error a writ of error." The declaration is bad by reason of the variance. *Hemmenway* v. *Hickes,* 4 Pick. 497. But the judgment should not be reversed on a writ of error. G. L. c. 250, § 4. G. L. c. 231, §§ 49, 53.

The jurisdiction of the court which attached with the due service of the writ was not affected by the defect in the declaration. E. S. Farnum appeared in the Central District Court in answer to the writ and after the declaration was filed had the action removed to the Superior Court. In these

circumstances the only redress of the defendant in that action was a plea in abatement or a motion to compel the plaintiff in the writ to correct the declaration. *Hemmenway* v. *Hickes, supra. Duvall* v. *Craig,* 2 Wheat. 45. *Chirac* v. *Reinicker,* 11 Wheat. 280, 302. *Carpenter* v. *Hoyt,* 17 Ill. 529. *Kitchen* v. *Brooks,* 5 M. & W. 522. Chitty's Archbold's Practice, 225.

*Judgment affirmed.*