RUBIN BORNSTEIN *vs.* JUSTICES OF THE MUNICIPAL COURT OF THE ROXBURY DISTRICT OF THE CITY OF BOSTON.

Suffolk.   December 9, 1929. — December 31, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Error, Writ of.  District Court.  Supplementary Process.  Practice, Civil,*
Docket entries, Record, Exceptions.

In a petition against the judge of a district court for a writ of error to reverse an order by the respondent dismissing an application by the petitioner for supplementary process under St. 1927, c. 334, the respondent's return set forth docket entries in the proceedings in the district court showing that summons had issued therein and that the debtor had appeared, an entry on a certain date, "Hearing. Taken under advisement," and a later entry, "Court orders application dismissed." The return also showed that, after the filing of the present

petition, the respondent had denied a motion by the petitioner that an entry be made on the docket of the respondent's reasons for dismissing the proceedings in supplementary process. The debtor filed an answer to the present petition traversing the facts alleged therein and a plea that no error was shown thereby. The present petition was "dismissed" by order of a single justice. A bill of exceptions presented by the petitioner stated that the "petition was heard" by the single justice. *Held,* that

(1) The bill of exceptions showed that there was a hearing before the single justice; and there was nothing to show that evidence was not heard and the facts put in issue found against the petitioner: if that were so, no error was shown;

(2) The docket entries of the district court were its record in the present petition and must be taken to be true;

(3) Such record meant that the application for supplementary process had been considered on its merits by the respondent and disposed of adversely to the petitioner;

(4) Assuming that this court could consider the motion filed by the petitioner in the district court after the filing of this petition, no error was shown by the denial thereof: the respondent was not obliged to state his reasons for dismissing the application for supplementary process;

(5) No error was disclosed by the bill of exceptions;

(6) This court could not consider matters not contained in the bill of exceptions or in the record of the district court;

(7) The exceptions were overruled;

(8) The order by the single justice properly should have been, "Judgment of District Court affirmed."

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on November 26, 1928.

The pleadings are described in the opinion. By order of *Crosby,* J., the petition was "dismissed." The petitioner alleged an exception. The bill of exceptions stated that the "petition was heard" by the single justice.

*B. Ginsburg,* (*S. J. Ginsburg* with him,) for the petitioner.

*C. W. Rowley,* (*D. J. Doherty* with him,) for the respondents.

RUGG, C.J.  This is a petition for a writ of error. The case comes before us on a bill of exceptions wherein it is recited that the purpose of the writ of error is to reverse an order of the District Court dismissing an application for supplementary proceedings under St. 1927, c. 334, "against Jack and Dina Gelewitz on an execution"; that the records of the District Court and all pleadings on the petition for

writ of error are made a part thereof; and concludes by saying that the petition was heard before a single justice "who ordered the petition dismissed," to which exception was taken. The pleading filed by Dina C. Gelewitz upon the petition for writ of error was a traverse of the facts alleged in the petition and a further plea that there was no error shown on the petition. The pleading of Jack Gelewitz in response to the writ of error, although much more lengthy in form and containing some irrelevant matter, amounts in law to the same thing, namely, a traverse of the allegation of facts and a plea that there is no error in the record. Construing the bill of exceptions according to its fair import, there was a hearing before the single justice after which order adverse to the petitioner was entered. For aught that appears in the bill of exceptions, there may have been a hearing on evidence, and all the facts traversed may have been found against the petitioner. If that be the correct construction, manifestly no error of law was committed by the single justice.

The petitioner, however, has argued the case on the theory that the order made by the single justice was founded on a ruling of law to the effect that there was no error of law disclosed on the return. On that aspect of the case the return made by the District Court alone can be examined. That return sets out the application for supplementary process against Dina C. Gelewitz and Jack Gelewitz, the summons issued to them, the return of service proved, the appearance of the debtors, a continuance, and then occurs this entry under date of June 12, 1928: "Hearing. Taken under advisement." After intervening proceedings not here material, occurs the entry under date of November 22, 1928: "Court orders application dismissed." These matters establish the entry of a final judgment in favor of the debtors. Although shown by docket entries, they are none the less the record of the District Court for the purposes of this writ of error. *McGrath* v. *Seagrave,* 2 Allen, 443. *Heard* v. *Calkins,* 234 Mass. 526, 529. See also Rule 41 of the District Courts (1922). The only inference permissible from the record as returned is that the application for exami-

nation of the debtors was heard upon its merits by the judge of the District Court and disposed of adversely to the petitioning creditor. § 16 of G. L. c. 224 as inserted by St. 1927, c. 334, § 2. The record of the District Court as returned must be taken as true. It imports incontrovertible verity. *Cote* v. *New England Navigation Co.* 213 Mass. 177, 179.

After the filing of the present petition for writ of error, there was filed in the District Court by the creditor a motion to the effect that an entry be made by the court on "its records of docket entries assigning its reason or reasons for its entry of the dismissal of the proceedings as against either judgment debtors." The motion was denied. Assuming, without deciding, that this is a proper matter for consideration in the present proceeding, it shows no error. The judge was not obliged to file a statement of his reasons. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494, 495.

However the present record may be viewed, there is no error of law disclosed. *Perkins* v. *Bangs,* 206 Mass. 408. *Commonwealth* v. *Marsino,* 252 Mass. 224, 228. *Platt* v. *Commonwealth,* 256 Mass. 539. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 376. *Lee* v. *Fowler,* 263 Mass. 440.

The petitioner has argued numerous points which are not disclosed on the bill of exceptions or on the record of the District Court. They are not before us and cannot be considered.

The proper entry to be made in the county court will be, "Judgment of District Court affirmed." *Devoe* v. *Commonwealth,* 3 Met. 316, 328. *Fitzgerald* v. *Commonwealth,* 135 Mass. 266. *Lane* v. *Commonwealth,* 161 Mass. 120. *Farnum* v. *Aronson,* 253 Mass. 464. *King* v. *Commonwealth,* 246 Mass. 57. *Finer* v. *Commonwealth,* 250 Mass. 493. The order "Petition dismissed" was made by inadvertence in *Gabis, petitioner,* 240 Mass. 465, and perhaps in some other cases. By reason of peculiar circumstances that order was proper in *Fowler* v. *Lee,* 263 Mass. 440, 444.

*Exceptions overruled.*