PIETRO GIARRUSO *vs.* FRANK W. PAYSON.

Essex.    October 11, 1929. — September 11, 1930.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Error, Writ of. Poor Debtor. Supplementary Proceedings in Civil Actions.*

A writ of error lies only to review proceedings according to the course of the common law.

Proceedings under §§ 6–30, substituted by St. 1927, c. 334, § 2, for what formerly were §§ 6–70 of G. L. c. 224, are not according to the common law, and a writ of error will not lie with respect to a judgment of a district court rendered therein.

It *was stated* that the provisions of the new § 18 inserted in G. L. c. 224 by St. 1927, c. 334, § 2, to the effect that there "shall be no appeal from any judgment, order or sentence" under this procedure except under § 19, which has to do with fraud, gambling and debts contracted with intent not to pay, presumably were not intended to deprive this court of its general supervisory power under G. L. c. 211, § 3.

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Essex on February 21, 1929, and described in the opinion.

Pleadings and proceedings before *Field*, J., are described in the opinion. From the judgment entered by his order, the plaintiff in error appealed.

*R. A. A. Comparone*, for the plaintiff in error.

*B. E. Smith*, for the defendant in error.

RUGG, C.J.    This is a petition for a writ of error. It relates to proceedings taken against the plaintiff in error as judgment debtor upon supplementary process after judgment against him in favor of the defendant in error. The return made upon the writ of error shows that the defendant in error, hereafter called the judgment creditor, recovered judgment in a district court against the plaintiff in error, hereafter called the judgment debtor, on January 30, 1925, and that execution issued on that judgment; that upon petition by the judgment creditor summons issued to the judgment debtor to appear before the district court for examination as to his property and ability to pay the judgment in accordance with G. L. c. 224 and acts in amendment thereof. This summons was served by a constable, whereupon the debtor moved that it be dismissed because, as he contended, required to be served by a deputy sheriff. The motion was denied (§ 23 inserted in G. L. c. 224 by St. 1927, c. 334, § 2), but a new citation was issued because the court was not satisfied as to the service on the debtor and the new order of notice returnable on February 6, 1929, was served by a deputy sheriff. The judgment debtor appeared on that return day and filed "requests for rulings"; these were denied. The judgment debtor was sworn and the court proceeded with his examination orally and not in writing. The hearing was continued until February 13, 1929, when the judgment debtor was ordered to pay the full amount of debt and costs on or before March 2, 1929. On February 18, 1929, the judgment debtor filed also a request for "memorandum of finding of facts," specifying ten particular matters, a request that the "court make findings of fact," and further, a "request for examination in writing." These several requests were denied. The single justice after hearing ordered that the entry be "Judgment affirmed with

costs and interest thereon at 6%" and then reported the case.

The proceedings in the district court were pursuant to St. 1927, c. 334. The judgment creditor challenges the right of the judgment debtor to maintain a writ of error.

A writ of error lies only to review proceedings according to the course of the common law. It does not extend to proceedings in equity even under G. L. c. 250, § 3. *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 371, and cases collected. It becomes necessary to examine the nature of the proceedings established by St. 1927, c. 334. That chapter is entitled "An Act to Revise the Poor Debtor Law by Providing for Supplementary Proceedings in Civil Actions." By its § 2 there were struck out §§ 6–70 inclusive of G. L. c. 224 as amended, wherein were embodied the former poor debtor law as it had existed through many years (see *Howard* v. *Roach*, 226 Mass. 80), and new sections numbered 6 to 30 were inserted in their place; and by its § 6, G. L. c. 225 was repealed. By the new §§ 6–30 set forth in § 2 of said c. 334 there were adapted to all poor debtor proceedings many of the provisions of G. L. c. 225, originally enacted as St. 1898, c. 549. The significant new sections with respect to the case at bar are §§ 14, 15, 16, 18, added to G. L. c. 224 by § 2 of said c. 334. In brief, these sections enable either a judgment creditor or a judgment debtor under arrest to apply for supplementary process and for examination, either orally or in writing in the discretion of the court, as to the property of such debtor and his ability to pay. If the court finds that the debtor has no property not exempt from being taken on execution and is unable to pay the judgment, the proceedings may be dismissed. If, however, the court is satisfied that such debtor has property not exempt from being taken on execution, he may be ordered to produce it or to transfer it to the creditor; or, if the debtor is found able to pay the judgment in full or by partial payments, the court may, after allowing the debtor out of his income a reasonable amount for the support of himself and his family, order him to pay the judgment and

costs of the proceedings in full or by partial payments from time to time, or may make an order combining any of these specified orders. Other sections are chiefly ancillary to these main provisions. Failure to comply with such orders is made contempt of court.

It seems plain that the procedure thus outlined is not according to the course of the common law. It has its inception after, not before, the rendition of judgment. Its manifest design is to provide a searching inquiry into the ability of the judgment debtor to pay his legal obligation, to relieve him from harrassment if found unable to pay, but to compel him to do what an honest man ought to be willing to do if found able to pay in whole or in part. This procedure savors strongly of proceedings in equity. It is somewhat analogous in form and in substance to procedure under the workmen's compensation act, which has been held to be equitable in nature. *Gould's Case,* 215 Mass. 480, 482, 483. *Pigeon's Case,* 216 Mass. 51, 54, 55. Proceedings under St. 1898, c. 549, the predecessor of G. L. c. 225, now largely embodied in said c. 334, § 2, have been discussed on the footing that they were such as are commonly within the province of a court of chancery. *Brown's Case,* 173 Mass. 498, 500, 501. They were described on pages 46, 47, 49 of the second and final report of the Judicature Commission, of which the late Mr. Justice Sheldon was chairman, as "equitable process." They bear some analogy also to creditors' bills and to bills to reach and apply in equity under G. L. c. 214, § 3, (7)–(10), although of course there are important differences. See *Stockbridge* v. *Mixer,* 215 Mass. 415, 417, 418. Without undertaking to define more specifically the procedure created by said c. 334, it is enough for the decision of the case at bar to say that it does not establish proceedings according to the course of the common law. *Mountfort* v. *Hall,* 1 Mass. 443. It follows that writ of error does not lie in the case at bar.

It is not now necessary to determine in what way or to what extent errors of law committed by district courts under this procedure may be corrected. Questions of fact must be settled finally there. The provision of the new § 18

inserted in G. L. c. 224 by said c. 334, § 2, to the effect that there "shall be no appeal from any judgment, order or sentence" under this procedure except under § 19, which has to do with fraud, gambling and debts contracted with intent not to pay, presumably was not intended to deprive this court of its general supervisory power under G. L. c. 211, § 3. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 543–545. See *Renado* v. *Lummus*, 205 Mass. 155, 158. It emphasizes the practice that findings of fact in poor debtor matters ordinarily are not open to review. *Hayward, petitioner*, 10 Pick. 358. *Fletcher* v. *Bartlett*, 10 Gray, 491. *Russell* v. *Goodrich*, 8 Allen, 150. We need now go no further than to hold that writ of error does not lie with respect to the proceedings under said c. 334 disclosed on the present record.

There is nothing inconsistent with what is here decided in *First Peoples Trust* v. *District Court of Lawrence*, 251 Mass. 206, or *Connors, petitioner*, 254 Mass. 103, arising before the enactment of said c. 334, which, as already pointed out, made important changes in procedure. The point here raised was not argued in either of those decisions and hence was not presented for adjudication. The suggestion thrown out in the opinion in the latter case, that writ of error might lie, was an aside and not involved in the decision. The case at bar deals entirely with the writ of error as applied to proceedings under said c. 334 and is not governed by the implications of decisions dealing with earlier and different statutes. In *Bornstein* v. *Justices of the Municipal Court*, 269 Mass. 515, a writ of error in a case of this nature was decided against the petitioner on its merits. As the practical result to the petitioner would have been the same in any event, there was no objection to stating the substantive grounds leading to that conclusion. *Commonwealth* v. *McNary*, 246 Mass. 46, 48. In the *Bornstein* case, as in the two cases last cited before it, the parties did not raise any question as to the form of remedy, that matter was not brought to the attention of the court and was not discussed, and the decision cannot be treated as authority or as having any bearing on that point in the present controversy. *Vigeant* v. *Postal*

*Telegraph Cable Co.* 260 Mass. 335, 343, 344. Since the petition for writ of error cannot be considered on its merits, the order that judgment be affirmed must be reversed and the entry must be, Writ dismissed. *Cherry* v. *Cherry,* 253 Mass. 172. *Lee* v. *Fowler,* 263 Mass. 440.

*So ordered.*