SHEEHAN & EGAN INC. & others *vs.* AMERICAN RAILWAY EXPRESS COMPANY.

Essex.    May 19, 1936. — June 30, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Error, Writ of.*

Under G. L. (Ter. Ed.) c. 250, § 4, a writ of error did not lie to reverse a judgment for the plaintiff entered in an action after a verdict returned by order of court where the error assigned was that the verdict ordered was inconsistent with answers by the jury to special questions submitted to them.

WRIT OF ERROR, issued upon a petition filed in the Supreme Judicial Court for the county of Essex on February 13, 1935.

There was a hearing by *Field*, J., on the pleadings and the record returned by the Superior Court. The single justice ordered that the judgment of the Superior Court be affirmed. The plaintiffs in error alleged exceptions.

*H. C. Mamber*, for the plaintiffs in error.

*G. C. Richards*, for the defendant in error.

CROSBY, J.   This is a petition for a writ of error.   It was brought in the Supreme Judicial Court to reverse a judgment for the defendant in error in an action on a replevin bond.   The plaintiffs in error brought in the Superior Court an action of replevin against the defendant in error by writ dated July 7, 1928, and a replevin bond in the sum of $1,400 dated July 7, 1928, was given, by Sheehan & Egan Inc. as principal and John J. Sheehan and William P. Egan as sureties, to the defendant in error, the American Railway Express Company.   There was a judgment and an execution for the return of the goods replevied.

The defendant in error, by writ dated May 8, 1931, brought an action against the plaintiffs in error on the replevin bond for failure to return the goods.   On June 6, 1934, after a full hearing, the cause was committed to a jury to try the issues raised on the following questions: "1. Were the goods tendered by Mr. Sheehan and Mr. Egan on May 9, 1931, the same as, or different from, the goods replevied?   The jury answer: The same as.   2. Did the American Railway Express Company have a valid lien on the goods at the time they were replevied?   The jury answer: Yes.   3. If the jury answer the second question in the affirmative, what was the amount of such lien?   The jury answer: $606.94."   The jury found for the defendant in error in the sum of $725.69 by direction of the judge. On October 8, 1934, judgment was entered for the defendant in error in the sum of $740.44 as damages and $39.25 costs of suit.   Execution issued October 9, 1934, and on February 11, 1935, it was returned satisfied in part only.

The plaintiffs in error filed this petition on February 13, 1935.   The defendant in error duly filed a plea and a traverse.   The case came on to be heard by a single justice of this court on the pleadings and the record, and the judgment, of the Superior Court was affirmed.   The case is before this court on exceptions of the plaintiffs in error to the order of the single justice that the judgment of the Superior Court entered on October 8, 1934, be affirmed.

The plaintiffs in error contend: "1. That the Superior

Court had no power to order the jury to bring in a verdict for the plaintiff, without setting aside the finding of the jury, namely, that the goods tendered by Mr. Sheehan and Mr. Egan, on May 9, 1931, were the same as the goods replevied. 2. That it was an error of law on the part of the justice of the Superior Court to order a verdict for the plaintiff, without first vacating or setting aside the finding of the jury. 3. That the action of the presiding justice is subject to revision in that it was not the exercise of sound discretion by the justice to order a verdict for the defendant in error, and to assess damages in a trial where the subject matter of damages and the issues involved were submitted to a jury, and the finding of that jury that the goods were the same as the goods tendered, was tantamount to a finding for the defendant. 4. That the statute dealing with writ of errors was intended to give a court power to correct erroneous judgments in a summary manner."

The plaintiffs in error contend, in substance, that the finding of the jury and the order of the judge to return a verdict for the defendant in error were inconsistent as matter of law, and that this issue can be reviewed on a writ of error. This contention cannot be sustained. It has long been settled that such a question cannot be so reviewed, as it could have been reviewed by the ordinary proceedings for a revision by this court. *Monk* v. *Guild*, 3 Met. 372, 373, 374. *Ellis* v. *Bullard*, 11 Cush. 496, 498, 499. *Perkins* v. *Bangs*, 206 Mass. 408, and cases cited at page 416.

The plaintiffs in error complain of alleged errors of law arising in the trial of the case before the verdict. A writ of error will not lie to correct such errors. G. L. (Ter. Ed.) c. 250, § 4. *Farnum* v. *Aronson*, 253 Mass. 464, 466, 467. The question of law which the plaintiffs in error seek to have reviewed might have been raised by requests for rulings and reviewed by this court on properly framed exceptions. Besides, G. L. (Ter. Ed.) c. 250, § 4, provides in part that "A judgment in a civil action shall not be reversed on a writ of error . . . for any error in law if the

defendant appeared and a verdict was rendered, unless it occurred after verdict." The decision in *Capen* v. *Stoughton*, 16 Gray, 364, cited by the plaintiffs in error, does not support their contention.

*Exceptions overruled.*