Morton, J.
This case was brought under the provisions of G. L. (Ter. Ed.) c. 224 and consists of proceedings after judgment commonly referred to as supplementary process.
The judgment upon which this proceeding is based was entered against Philip and Rose Gerstein and Flora Appelstein. A prior proceeding under the same statute was instituted during the course of which, on October 23,1936, an order was made by the court that the Gersteins should pay, on account of the judgment, $15 per month until $75 had been paid by them or either of them and 4 ‘if so paid the pro- *152 ■ ceeding was to be dismissed as against those two debtors by consent of the creditor and if not paid, all rights are reserved.” One payment only was made under this order. On the blank reverse of the paper containing the order of ■ the court above referred to appeared the signatures of the Gersteins with the word “debtor” after each name, and then the words “Josiah M. Langenthal — Atty. for Creditor.” The trial court states in the report that the appearance of the names and the words “debtor” and “creditor” on the back of the order was not done by his order or at his suggestion. The proceeding above referred to was dismissed as against the debtor, Appelstein, for reasons not material in this case, as stated in the report. The present proceeding was instituted against the other debtor, Flora ' Appelstein, alone. In this proceeding the debtor was ordered to pay the balance due on said judgment with costs of the proceedings in full on or before February 1, 1937.
Appelstein, hereinafter referred to as the debtor, filed a motion that the present proceedings be dismissed, and filed seven requests for rulings. The motion and the first four requests relate to the effect of an alleged release of the Gersteins upon the rights of the debtor Appelstein. The remaining three requests for rulings raise the issue as to the propriety of bringing questions of law before this division in supplementary proceedings.
We think that questions of law duly raised in supplementary proceedings may be properly presented to the Appellate Division. In said chapter 224 it is prescribed that no appeal shall be taken from any judgment, order, or sentence under the provisions thereof except as provided in . section 19. Section 19 provides for appeal to the Superior Court under certain circumstances not material here. This provision alone would seem to indicate that it was the intention of the Legislature not to have appeals upon any *153 matter taken to the Superior Court, except as provided in section 19.
In Giarruso v. Payson, 272 Mass. 417 the court says at page 421, with reference to the above statutory provision as to appeals, that it “presumably was not intended to deprive this court of its general supervisory power under G. L. c. 211, § 3.” In that same case the court held that proceedings such as in the instant case are not according to the course of common law and in consequence thereof that it follows that writ of error does not lie therein to correct alleged errors of law. The court says at page 420:
“It is not now necessary to determine in what way or to what extent errors of law committed by district courts under this procedure may be corrected.”
Goldman v. Adlman, 1935 A. S. 1949 is to be regarded as strongly indicating, if not in effect, deciding, that such errors may be corrected by report to the Appellate Division as in other civil cases. The case last cited was a suit in equity to enjoin the enforcement of a judgment and execution. The issue turned on whether Adlman had such actual notice of the discharge of Goldman in bankruptcy as to operate as a discharge of the debt owed to Adlman; this issue, in turn, depended upon the issue as to whether the question was res judicata as having been determined in a proceeding under said chapter 224, brought and disposed of in the Boston Municipal Court. Mr. Chief Justice Pugg, referring to the case in the Boston Municipal Court, said that supplementary proceedings under the statute, although directed primarily to the issue of the ability of the debtor to pay the judgment, does not compel the court to enforce the judgment without inquiry into existing defences, and that the court ought, ordinarily at least, to take cognizance of any defence to the judgment, and then says at page 1953:
*154 “As a necessary incident of its power to enforce the judgment, the Municipal Court had jurisdiction to pass upon the motion to dismiss.”
He then went on to say that the adjudication of the issue as to whether the creditor received such notice of the bankruptcy of the debtor as would constitute a bar to the claim was implicit in the decision of the Municipal Court and was final. He then went on to say at page 1954:
‘ ‘ The present plaintiff accepted that adjudication without attempt to secure review of rulings of law there made.”
In view of the statutory provisions and the decisions hereinbefore referred to it would appear that the motion to dismiss, and requests for rulings based upon an alleged defence to the judgment sought to be enforced, were properly brought to this court upon report and we so hold.
At the hearing on the draft report the creditor filed a motion that the claim of report be disallowed for the reason that rulings of law in a proceeding such as this are not reviewable under the statute above referred to. This motion was denied by the court. As already stated, we think that rulings of law in a proceeding such as this are reviewable by this court, and that there was no error in the denial by the court of the creditor’s motion and in the allowance of the fifth, sixth and seventh requests for rulings filed by the debtor raising the same issue.
There remains for consideration the contention of the debtor that there was a release of the judgment debtors G-erstein which automatically released the debtor Appelstein, so that the present proceeding should have been dismissed as against her. This contention is without merit. The brief of the debtor is barren of any statement of claim as to what facts she considers constituted a technical release, and in the argument of the debtor so meagre a ref *155 erence was made thereto, even in response to questions, that it is left to us to infer from the report upon what facts the debtor bases her contention.
We presume that the order as against the Gersteins above referred to, and the appearance on the back thereof of the signatures of the debtors and attorney for creditor are what the debtor contends is a release. Obviously such facts would not constitute a release. The issue before the court upon which the order to pay was founded was merely the ability of the Gersteins to pay. An order upon such an issue, even with the assent of the creditor, in no way affects the liability of the debtors on the judgment. In a proceeding of this kind there is no jurisdiction in the court to change or modify the judgment, the entry of which is a necessary preliminary to the institution of the proceeding, such as this. Even if the court dismissed the proceeding as against the Gersteins, the judgment would remain outstanding against them, jointly with Appelstein, and could be enforced subsequently in an appropriate proceeding. The order of the court, therefore, together with the signatures of the Gersteins and the attorney on the back thereof was in no sense a release. It follows that the debtor, Appelstein, was not released from the judgment and remains liable thereon, and the order of the court that she should pay the balance of the judgment was a final order from which no appeal could be taken.
Even if the facts above referred to constituted a release Appelstein would not be discharged from liability on the judgment in the absence of proof that the attorney for the creditor had authority from his client to settle the judgment claim by the entry of an order against the Gersteins to pay $75, and there was no such proof. In Precious v. O’Rourke, 270 Mass. 305 relative to the authority of an attorney to settle a case, the court says at page 308:
*156 “It was not within the general powers of the attorney employed to represent the plaintiff in the litigation to settle the plaintiff’s canse of action hy entering into the compromise agreement for judgment and judgment satisfied filed in -the ease. . . . When the attorney undertakes to hind his client by an agreement to compromise his client’s substantial rights, the opposing party must ascertain at his peril whether the attorney has authority to make the settlement. . . . Upon the facts stated in the record, the agreement made was not binding on the plaintiff either when made or when approved by the court and filed in the case as the basis for judgment.”
With further reference to the first issue herein considered we feel confirmed, rather than otherwise, in our opinion that questions of law in supplementary proceedings are properly reviewable by this court by a statement by Mr. Chief Justice Rugg in Allard v. Estes, 1935 A. S. 2183 where he says at page 2191, with reference to supplementary proceedings:
“If there was error in the proceedings in the Fourth District Court of Bristol, of which complaint is here made, there was ample remedy open to the plaintiff for redress of his grievance; whether under G. L. (Ter. Ed.) c. 231, sections 108,109, or by writ of error, . . . need not be considered. ’ ’
Although two possible remedies are referred to in the sentence last quoted, it was definitely decided in Giarruso v. Payson, supra, that a writ of error would not lie to correct errors in supplementary process. This, apparently, leaves as the only remedy open for the correction of alleged errors in such proceedings, G. L. (Ter. Ed.) c. 231, §§ 108, 109, above referred to, which provides for Appellate Division procedure in District and Municipal Courts.
There was no error in the disposition of the requests for rulings or of the motions filed by the creditor and the debtor, and an entry will be made dismissing the report.