Pettingell, J.
The appellant is a judgment debtor summoned in for examination under G. L. (Ter. Ed.) C. 224, who brings to this division for review certain rulings of law made by the trial judge during the examination.
The appellee raises the issue whether a review of rulings of law made during proceedings under G. L. C. 224, is within the authority of the Appellate Divisions of the District Courts.
In Allard v. Estes, Mass. Adv. Sh. (1935) 2183, a case involving supplementary proceedings, the Supreme Judicial Court said, at page 2191,
“If there was error in the proceedings in the Fourth District Court of Bristol, of which complaint is here made, there was ample remedy open to the plaintiff for redress of his grievance; whether under G. L. (Ter. Ed.) C. 231, §§108, 109, or by writ of error, Home Investment Co. vs. Iovieno, 246 Mass. 346, need not be considered.”
*43 In Goldman v. Adlman, Mass. Adv. Sh. (1935) 1949, another case in supplementary proceedings, the Supreme Judicial Court said at page 1954,
“The present plaintiff accepted that adjudication without attempt to secure review of rulings of law there made. He is bound by them.”
From these cases it would appear that rulings of law in such proceedings can be reviewed, that one claiming error in a ruling of law in such a case is under obligation to seek such a review, and that review is by writ of error or under G. L. (Ter. Ed) C. 231, §§108, 109, the sections creating the Appellate Divisions of the District Courts.
In Giarruso v. Payson, 272 Mass. 417, however, at pages 419, 420, the Supreme Judicial Court held that review in such a case cannot be by writ of error, because that writ lies only to review proceedings. according to the course of the common law, and proceedings under St. 1927, C. 334, [G. L. (Ter. Ed.) C. 224] are not according to the course of the common law.
In view of the decision in Goldman v. Adlman, supra, it would appear that review in such cases is not by a bill in equity. Review by certiorari is not a matter of right but a matter of discretion, Farmington River Water Power Co. v. County Commissioners, 112 Mass. 206, at 212; and so is review by a writ of review, Stillman v. Donovan, 170 Mass. 360, at 362.
Thus it would seem that, comparing the cases cited, and considering especially Allard v. Estes, supra, and Giarruso v. Payson, supra, a right of review is naturally and properly in the Appellate Division.
On the other hand, G. L. (Ter. Ed.) C. 231, §108 which creates the Appellate Divisions of the district courts, must be construed with §§103 and 104 of the same statute. The first appellate division was that of the Municipal Court of *44 the City of Boston which came into existence by authority of St. 1912, C. 649, which, amended so as to apply to all the district courts, is the present G. L. C. 231, §§103 to 108, inclusive. In the case of Lynn Gas and Electric Company v. Creditors National Clearing House, 235 Mass. 114, at 115, it was held that, under St. 1912, C. 649, §2, as amended by St. 1914, C. 35, §2 and C. 409, the jurisdiction of the Appellate Division of the Municipal Court of the City of Boston, extends only to actions in which there is no right of appeal to the Superior Court, and that where, by compulsion of law, an action must be brought in the Municipal Court, and there is no election by the party bringing it in selecting that forum, the appeal is to the Superior Court. See also, Beserosky v. Mason, 269 Mass. 325, at 327, in which the same situation arose with regard to a petition to vacate a judgment; also Hopkinton v. B. F. Sturtevant Co., 285 Mass. 272. In this latter case, at page 275, the court said:
‘ ‘ Since by compulsion of the statute and not by voluntary election the petition was filed in the District Court where the judgment was entered, appeal from action on the petition lay to the Superior Court. ’ ’
G. L. (Ter. Ed.) C. 224, §6, definitely provides that “all proceedings for the examination, commitment or discharge of a defendant arrested on mesne process or on execution, and all supplementary proceedings under this chapter as to a judgment debtor shall be had in the district court” either where the defendant or debtor was arrested or lives, or has a usual place of business, or, under specified conditions, in the court where the record of the original action is kept. No choice or election is possible. Such proceedings must be in the district court by compulsion of law.
On the authority of the cases last cited, the Appellate Division has no authority to review rulings in a case such as this. The original right of appeal to the Superior Court, is the remedy which is provided.
*45 As there is no jurisdiction to review the case, it is useless to consider on the merits the appellant’s claim of error.
The report is to be discharged, for want of jurisdiction.